# Richmond.

## White Hall Company v. Hall & Others.

### January 14, 1904.

Absent, Buchanan, J.*

1. CORPORATIONS—*Admissions of General Manager—Case in Judgment.*—The evidence in this cause, including the recent admissions in writing of the general manager, secretary and treasurer of the appellant company, shows that the appellant is not entitled to credit for the set-off asserted in this cause.
2. CORPORATIONS—*Admissions of Officers and Agents.*—A corporation can only speak through its officers and agents, and their declarations, admissions and representations made in the course of their employment, and relating to the immediate transactions in which they are engaged, are always competent against the corporation.
3. APPEAL AND ERROR—*Commissioner's Report—Conflicting Evidence.*—Where the evidence is conflicting, the findings of a commissioner in chancery, which have been approved by the trial judge, will not be disturbed by this court.

Appeal from a decree of the Circuit Court of Buckingham county in a suit in chancery, wherein the appellee, Della M. Hall, was the complainant, and the appellant and others were the defendants.

*Affirmed.*

The bill in this cause alleged the insolvency of the White Hall Company, and prayed for the appointment of a receiver

---

*Judge Buchanan was detained at home by sickness.

and the administration of the assets of the company by the court.
It set out complainant's lien by deed of trust on certain real
estate. It alleged certain prior and subsequent liens, the inse-
curity of complainant's debt, the mismanagement of the com-
pany's affairs, the pendency of numerous actions at law against
the company, and other facts deemed necessary for a court of
equity to take charge of and administer the assets of the com-
pany, and prayed for all needful accounts and special and gen-
eral relief. The answer to this bill presented the issues deter-
mined by the court.

*S. S. P. Patteson,* for the appellant.

*F. C. Moon,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The bill in this cause was filed by Della M. Hall to enforce
the satisfaction of three claims asserted by her against the ap-
pellant company. The first of these is a bond for $3,000, dated
November 25, 1893, secured by deed of trust from the appellant
upon certain real estate; second, $400.00 and interest from
December 7, 1895; and third, $859.39 and interest from Octo-
ber 5, 1894. The last two mentioned claims were not secured,
and are eliminated from this controversy by the plea of the
statute of limitations.

' In its answer to the bill, the appellant company sets up as
off-set to the first-mentioned claim an account against W. E.
Hall, the husband of the appellee, Della M. Hall, of sufficient
magnitude to satisfy the plaintiff's demand.

The commissioner, to whom the cause was referred to ascer-
tain what was due on the deed of trust claim of $3,000.00 and
interest, disallowed the account set up by the defendant com-
pany, and allowed as a credit an account, consisting of two

items, kept by the company against the appellee, Della M. Hall, amounting to $526.00, and reported the balance due on the debt to be $4,079.00, as of October 25, 1902. This report was confirmed by the decree appealed from, which we are asked to review.

All of the evidence taken is returned by the commissioner with his report, and we are of opinion that it fully sustains his finding, and the action of the Circuit Court in confirming the same. That the appellee, Della M. Hall, loaned the appellant $3,000 of her separate estate, and had the same secured by the deed of trust mentioned, is not denied. The offset asserted by the appellant company consists of an account commenced by W. E. Hall with the company, for family supplies, etc., some time prior to the date of the loan made by his wife. The books of the company show that while this account was being kept against W. E. Hall, a separate account was kept against the appellee, Della M. Hall, and it is to be presumed that she would be charged on her own account with all that was properly chargeable to her. It further appears that on two occasions the company, through its agent, H. M. White, obtained from the appellee this bond to use as collateral security in borrowing money for its own purposes. The last of these occasions was in August, 1898, when it was used by the company as collateral security for a loan of $3,000 obtained by it from the Lynchburg Perpetual Building and Loan Company. A large part of this debt is still unpaid, and the Della M. Hall bond is still held by the Building and Loan Company as collateral security therefor. At the time this loan was negotiated by the appellant company, its books showed the larger part of the account now asserted as an offset to be outstanding, and if it was then understood by the company to be a payment *pro tanto* on the bond due appellee, the use of that bond without credit as collateral was, to say the least of it, singular treatment of the Building and Loan Company.

Although the account in question had been running on the books of the company against W. E. Hall, who was its vice-president and one of its stockholders, through a period of nearly ten years, yet no hint of its existence, or that it was intended as a payment on her debt was ever at any time communicated to the appellee, she having heard of it for the first time after it was filed as an offset in this suit. That the account was never chargeable to Mrs. Hall, or intended to be used as an offset to her debt, and that its assertion in this suit is an afterthought, is further conclusively shown by the following correspondence.

As late as January, 1902, when the whole account against W. E. Hall was on the books of the company, the appellee, Della M. Hall, addressed H. M. White, the general manager of the company, the following letter: "Please let me know by return mail when you can pay me the interest on my $3,000.00 mortgage. It is necessary for me to have the money at once." By return mail she received from H. M. White, general manager, the following reply:

"Dear Mrs. Hall,—Your note dropped in the post-office was duly received. Mr. Silvey has arranged to finish paying you the balance on the $500.00 on account of interest on your $3,000.00 this week. As to the balance of the interest, we are in no position to pay this in a lump, and cannot do this until we get a settlement from Browning Bros., which Mr. H. B. Hanford, assignee, says should be made some time in April. I believe we can borrow enough money after the Browning matter is settled to pay any balance of interest due you, as well as the $3,000.00 itself. In the meantime, I would suggest that we pay you the first of each month, commencing February 1st, fifty dollars per month on account of interest, and these payments to continue until we can settle in full. If draft, now in the hands of the Building and Loan Co., at Lynchburg, is paid, we will only owe them $1,430.00, whereas we owed them at first $3,900.00. So you can see your loan is in better shape than for

the last three years. If draft is not paid, we owe them $1,730. I am doing all any one can to pull the company through, and nothing can possibly be gained, but a great deal lost, by pressing for money at this time. Anything I have you can get at any time."

As the secretary and treasurer of the company, the author of this letter would have been fully cognizant of any payments that had been made on the debt in question, and yet the letter is written admitting the entire debt, except the $500.00 alluded to, and promising its payment, without the slightest suggestion that the company claimed as an offset the account now asserted, or any part of it. There is other evidence, record as well as oral, to sustain the action of the lower court, but the solemn and unequivocal admission contained in this letter, in direct response to a demand for the interest, that the whole principal and the bulk of the interest was unpaid, would seem to be sufficient without prolonging this opinion by a further review of the evidence.

It is contended that this admission cannot bind the company, because H. M. White, the general manager, had no special authority to make it. This position is not tenable. A corporation can only speak through its officers and agents, and their declarations, made in the course of their employment and relating to the immediate transaction in which they are engaged, are always competent against the corporation. The admissions and representations made by an agent of a corporation, acting within the scope of his authority and concerning matters entrusted to him are binding upon the corporation. *Cook on Corporations* (4th Ed.), sec. 726.

In the case before us, the author of the admission contained in the letter mentioned had been from its inception the general manager, and the secretary and treasurer of the company. He was one of its largest stockholders, and the record shows that for all practical purposes he was the company. Its books were kept

under his supervision and control. He managed its finances, negotiated loans, disbursed its money, and controlled its affairs generally. The letter in question pertained to the work and duty that its author appears to have been charged with and constantly performed. That one exercising the broad powers that seem to have been confided to this general manager, secretary, and treasurer had the authority to write the letter and make the admission that he did, cannot be doubted.

The appellee, Della M. Hall, assigns as cross error the action of the Circuit Court in allowing appellant credit for the $500.00 alluded to in the letter mentioned. That $500.00 is one of the two items mentioned in the account kept by the company against the appellee. As to it, the evidence is conflicting, and we would not feel warranted in disturbing the finding of the commissioner with respect thereto, and the confirmation of that finding by the Circuit Court.

Upon the whole case, we are of opinion that there is no error in the decree complained of to the prejudice of appellant, and it must be affirmed.

*Affirmed.*