Syllabus.

---

# Richmond.

PINE BEACH INVESTMENT CORPORATION AND OTHERS v. COLUMBIA AMUSEMENT COMPANY.

March 27, 1907.

Absent, Cardwell, J.

1. EVIDENCE—*Terms of Written Contracts—Previous Negotiations—"Buffet"—Case in Judgment.*—If the previous negotiations make it manifest in what sense the terms of a written contract are used, such negotiations may be resorted to for the purpose of determining the real meaning of the contract, and may be shown by parol evidence. The admission of parol evidence for such purpose does not violate the parol evidence rule. In the case in judgment, it is clear that the parties to the contract in suit understood and intended the word "buffet," used in a contract of lease, to carry with it the right to sell intoxicating liquors on the premises mentioned in the contract.

2. ESTOPPEL—*Conduct Induced—Case in Judgment.*—Where the officers of a corporation who are authorized to lease its land for building purposes suggest to a lessee to erect a hotel in addition to other buildings authorized by the lease, and the lessee adopts the suggestion and proceeds to erect a hotel with a bar attached, and the plans for the building, showing the bar, are submitted to such officers at their request, and are approved by them, and they see the building in the course of construction and make suggestions in respect thereto, the company is thereafter estopped to deny the right of the lessee to use the building for the purpose intended in its erection. A person who, by word or act, has induced another to expend money, or change his position to his prejudice, will not be permitted to deny the act or retract the admission in case of apprehended loss.

3. CORPORATIONS—*Ostensible Powers of Officers—Estoppel.*—The authority of an officer of a corporation is the authority which his company holds him out to the public and those dealing with him as possessing. This is his real authority, and no secret limitation of this in the by-laws of the company or elsewhere are binding

on innocent third persons who deal with him as the representative of the company. Innocent third persons are not chargeable with notice of limitations on the powers of officers contained only in the by-laws of a business corporation.

Appeal from a decree in chancery of the Circuit Court of Norfolk county. Decree for complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*E. R. F. Wells,* for the appellants.

*R. Randolph Hicks* and *G. M. Dillard,* for the appellee.

HARRISON, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court of Norfolk county, perpetually enjoining and restraining the appellants from opening or operating a hotel, and from selling intoxicating liquors on certain premises leased by them from the appellee.

It appears from the record that the Columbia Amusement Company is largely engaged in the amusement business at Pine Beach, in Norfolk county. It conducts some amusements itself, but its chief business consists in leasing to other parties certain portions of its premises, with the privilege of conducting certain amusements and businesses thereon. At the time of the transactions herein involved there were four or possibly five stockholders in the company. Of these stockholders three, namely, H. H. Carr, Franz Von Schilling and Ralph P. Gage, constituted the board of directors of the company; and of these directors H. H. Carr was president of the company and Franz Von Schilling the secretary and treasurer.

On the 15th day of March, 1906, the lease involved in this controversy was made and entered into between The Columbia

Amusement Company, by its president, and Messrs. Hatch and Clinedinst. On April 3, 1906, the lessees, with the consent of the lessor, assigned this lease to the Pine Beach Investment Company, the appellant. By the terms of this contract the lessee was given the right to erect on the leased premises a building, in which was to be conducted an up-to-date skating rink, with the further right to conduct on the property demised restaurants, buffets and the tobacco business; and also other lawful businesses, whether of a like nature as those mentioned or otherwise; but as to any other business than those specified the written approval of the lessor was to be obtained.

In June, 1906, W. F. Crall purchased a majority of the stock of The Columbia Amusement Company, and a reorganization followed immediately, at which Crall was made president. Thereupon, on the 29th of June, 1906, this suit was instituted to enjoin the appellants from selling intoxicating liquors on the premises, and from opening or operating a hotel thereon. The contention of the appellee is that the appellants are not entitled to enjoy these privileges because they are not specified in the contract of lease, and no written permission has been given for their exercise.

The uncontradicted evidence in the case shows that, at the time the lease in question was made, the president of the company had authority in the matter of negotiating and executing leases and contracts on behalf of the company; that no meeting of the board of directors was ever held to consider or approve such transactions. This is shown by H. H. Carr, the president of the company, and Franz Von Schilling, the secretary and treasurer, who together constituted a majority of the board of directors, and their evidence is corroborated by other witnesses. The uncontradicted evidence further shows that the original draft of the lease, in specifying the rights and privileges of the lessees thereunder, contained the words "bars or buffets," and that the words "bars or" were scratched out by H. H. Carr, the president; that before the lease was finally consummated by the

parties appellants discovered that the words "bars or" had been marked out, and called upon the president to know if he meant by scratching out those words to deny their right to sell intoxicating liquors on the leased premises, and the lessees were thereupon assured by the president that he had no such purpose, that he fully understood and recognized their right, under the terms of the lease, to sell intoxicating liquors on the leased premises, and that he thought the term "buffet" carried with it the right to sell liquor as completely as the term "bar"; his idea being that the term "buffet" was more refined and conveyed the impression of liquors sold in a more secluded way. These facts are admitted by H. H. Carr, the president of the company, who executed the lease, and fully established by the other parties to the contract. It is clear, therefore, that the parties to the contract understood and intended the word "buffet" to carry with it the right to sell intoxicating liquors.

If the previous negotiations make it manifest in what sense the terms of the contract are used such negotiations may be resorted to as furnishing the best definition to be applied in ascertaining the intention of the parties. The sense in which the parties understood and used the terms of the contract is thus ascertained. To explain the meaning of a writing in the true sense, and with this limit, is to develop the real meaning of the document. The admission of parol evidence for this purpose does not violate the rule which makes the written instrument the proper and only evidence of the agreement. *Keller* v. *Webb,* 125 Mass. 88, 28 Am. Rep. 209; *Swett* v. *Schumway,* 102 Mass. 365, 3 Am. Rep. 471; *McDonald* v. *Longbottom,* 102 Eng. Com. L. 977; *Hart* v. *Hammett,* 18 Vt. 127; *Quarry Co.* v. *Clements,* 38 Ohio St. 587; Wharton on Ev. (2d Ed.), sections 937, 939.

The contract of. lease does not, in terms, provide for the privilege of erecting a hotel on the leased premises. It provides, however, for such other business, not specifically mentioned, as shall receive the written approval of the lessor. The

skating rink building, which was provided for by the contract, contemplated certain rooms for use in connection therewith. The uncontradicted evidence shows that, after the contract of lease had been concluded, and before the lessees had begun the erection of the skating rink, the appellee suggested to the appellants the advisability of altering their plan, and making their building large enough to have, in addition to the skating rink, a number of rooms for the accommodation of guests; urging as a reason for the change that during the year of the Jamestown Exposition the revenue from such an enterprise would be very large. The lessees adopted this suggestion, and at a greatly increased outlay erected a large building, containing all the appointments for a hotel, including bar, and containing from forty to fifty rooms. There was no written approval of this enterprise given or asked for. The plans for the building showed that a hotel, including bar, was designed, and these plans were, at his request, submitted to H. H. Carr, the president, and, except in a few minor details, were fully approved by him and by other officials of the appellee company. The officials of the company saw the building being erected and made suggestions with respect thereto. That H. H. Carr, the president of The Columbia Amusement Company, was authorized to negotiate and contract for the erection of this building for use as a hotel, without action on the part of the board of directors, cannot be doubted in view of the evidence in this case. Under such circumstances, the appellee is estopped to deny the right of appellants to use the building in question for the purpose intended in its erection. *Swain* v. *Seamens,* 9 Wall 254, 19 L. Ed. 554; *Dair* v. *U. S.,* 16 Wall. 1, 21 L. Ed. 491; *Repass* v. *Richmond,* 99 Va. 508, 39 S. E. 160; *Greer* v. *Mitchel,* 42 W. Va. 494, 26 S. E. 302.

In the case of *Dair* v. *United States, supra,* it is said: "It must be conceded that courts of justice, if in their power to do so, should not allow a party, who, by act or admission, has induced another with whom he was contracting to pursue a

line of conduct injurious to his interests, to deny the act or retract the admission in case of apprehended loss.    Sound policy requires that the person who proceeds on the faith of an act or admission of this character should be protected by estopping the party who has brought about this state of things from alleging anything in opposition to the natural consequences of his own course of action.    It is, accordingly, established doctrine that whenever an act is done or statement made by a party, which cannot be contradicted without fraud on his part and injury to others, whose conduct has been influenced by the act or admission, the character of an estoppel will attach to what otherwise would be mere matter of evidence.    2 Smith L. Cas., note to the *Duchess of Kingston's Case.*

The appellee has vouched its by-laws, and insists that the appellants are bound by the limitations thereby placed upon the powers and duties of its officers.    This position is not tenable. The authority of an officer of a corporation is the authority which his company holds him out to the public and to those dealing with it as possessing.    This is his real authority, and no secret limitations of this in the by-laws of the company or elsewhere are binding on innocent third persons who deal with him as the representative of his company.    2 Cook on Corp., section 725; *White Hall Co.* v. *Hall,* 102 Va. 284, 46 S. E. 290; *Moyer* v. *East Shore Ter. Co.,* 41 S. C. 300, 19 S. E. 651, 44 Am. St. Rep. 709, 25 L. R. A. 48, and note; *Rathburn* v. *Snow,* 123 N. Y. 343, 25 N. E. 379, 10 L. R. A. 355, and note.

In the cast last cited it is said: "It follows from the general principle, now well settled, to the effect that third persons may act upon the apparent authority conferred by the principal upon the agent, and are not bound by secret limitations or instructions qualifying the terms of the written or verbal appointment, that the defense based upon the limitation in the by-laws of the company, of which the plaintiff had no knowledge, cannot be sustained.    By-laws of business corporations are, as to third persons, private regulations binding as between the corporation

and its members or third persons having knowledge of them, but of no force as limitations *per se* as to third persons, of an authority which, except for the by-laws, would be construed as within the apparent scope of the agency." Citing *Fay* v. *Noble* (Mass.), 12 Cush. 1; *Mechanics & F. Bk.* v. *Smith* (N. Y.), 19 Johns 115; *Smith* v. *Smith,* 62 Ill. 493; 2 Morawetz Priv. Corp., section 593.

Upon the whole case we are of opinion that the appellants have the right, under their contract with the appellee, to conduct a hotel business in the building erected by them on the leased premises, and also to sell intoxicating liquors on such premises, provided, of course, they are licensed to do so by the proper authority.

For these reasons the decree appealed from must be reversed, the injunction granted dissolved and the bill filed by appellee dismissed.

*Reversed.*