# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## COLUMBIA AMUSEMENT CO. AND OTHERS V. PINE BEACH INVESTMENT CORPORATION.

### March 11, 1909.

1. APPEAL AND ERROR—*Instructions—Objections Not Assigned.*—This court will not consider objections to instructions given by the trial court when neither the petition for the writ of error nor the brief of counsel point out in what respect the instructions are erroneous.

2. INJUNCTION BOND—*Measure of Damages.*—Where a lessor who has leased premises to a tenant for the sale of liquor and for no other purpose whatever, is enjoined from permitting liquor to be sold on the leased premises by a third person, who gives an injunction bond with condition to pay all costs and damages that may be incurred by reason of the injunction, if the same should be dissolved, the obligors in the injunction bond are liable to the lessor, upon dissolution of the injunction, for the rent he should have received during the time the injunction was in force. He could not collect the rent of the tenant, and the loss is properly placed on the party ultimately responsible for the injury.

3. INJUNCTION BOND—*Temporary Injunction—Damages Sustained After Injunction is Made Permanent.*—In an action upon an injunction bond, given at the time a temporary injunction is granted, and "conditioned to pay all such costs as may be awarded against said plaintiff, and all such damages as shall be incurred in case the said injunction be dissolved," the obligors are liable for whatever costs and damages were incurred and suffered from the time the injunction was granted until it was finally dissolved after an appeal, and their liability is not limited to the time when the temporary injunction was made permanent by the trial court.

4. INJUNCTION ORDER—*"Bond Conditioned According to Law"—Effect—Code. Section 3442.*—An injunction order requiring an injunction bond to be given with condition "according to law" is sufficient

authority to the clerk to make the condition "to answer all costs and damages that may be incurred by reason of the suing out the injunction in case the same shall be dissolved," and is a substantial compliance with the provisions of section 3442 of the Code directing the court to prescribe the condition of the bond. It is the usual, if not almost the universal, practice of the courts of original jurisdiction to prescribe the conditions of such bonds in this manner when the circumstances are not such as to render special conditions necessary.

5. Estoppel—*Obligor in Injunction Bond.*—A plaintiff who has executed an injunction bond, and has obtained and acted upon the injunction is estopped to deny his liability upon the bond.

6. Appeal and Error—*Correcting Excessive Judgment.*—The judgment of a trial court will not be abated by this court as excessive, unless the record clearly establishes such excess.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of debt. Judgment for the plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*R. Randolph Hicks,* for the plaintiffs in error.

*Sidney Teiser* and *E. R. F. Wells,* for the defendant in error.

Keith, P., delivered the opinion of the court.

The Columbia Amusement Company obtained from the Circuit Court of Norfolk county an injunction against the Pine Beach Investment Corporation to restrain it and others from operating a bar room for the sale of intoxicating liquors at its amusement resort at Pine Beach, in Norfolk county. To render the injunction operative, the plaintiffs executed a bond, the condition of which was that "whereas, the above bound the Columbia Amusement Company on its bill in chancery against the Pine Beach Investment Corporation, *et al.,* addressed to the

judge of the Circuit Court of the county of Norfolk, has obtained from the said court a decree reinstating a certain injunction granted by said court in said cause on the 29th day of June, 1906, until the further order of the court; and, whereas, it is provided by the order of said judge awarding the said injunction that the plaintiff shall not have the benefit thereof until it, or some one for it, shall enter into a bond, with good security, in the clerk's office of said court, payable to the Commonwealth of Virginia, in the penalty of five thousand dollars, and conditioned to pay all such costs as may be awarded against the said plaintiff and all such damages as shall be incurred in case the said injunction be dissolved."

The circuit court entered a decree perpetuating this injunction, from which an appeal was taken to this court, which entered an order reversing the circuit court, dissolving the injunction and dismissing the bill. *Pine Beach Co.* v. *Columbia Co.,* 106 Va. 810, 56 S. E. 822. Thereupon, the Pine Beach Company brought an action of debt upon the injunction bond against the Columbia Amusement Company and its surety, which resulted in a judgment for the plaintiff, to which the defendants obtained a writ of error.

The first error assigned is to the giving of two instructions at the instance of the plaintiff, which are as follows:

1. "The court instructs the jury, that if they believe from the evidence that the defendants executed the bond now sued on and have failed to perform its conditions, then the plaintiff is entitled to recover from the defendants the damages, if any, which it has suffered by reason of the reinstatement of the injunction whereby the plaintiff and O'Connor & Barr, its lessees, were enjoined from opening or operating a hotel or bar-room for the sale of intoxicating liquors on its premises at Pine Beach, they must find for the plaintiff."

2. "If the jury find for the plaintiff, they shall assess its damages at the amount of rent lost on account of the reinstatement of the injunction, that is to say, (1) the loss of that por-

tion of the definite rent reserved for the liquor privileges in the lease between the plaintiff and Barr & O'Connor, which would have been due and payable during the time the injunction was effective, viz., from July 18, 1906, to March 27, 1907, with interest thereon for the average time."

As neither the petition nor brief of plaintiffs in error points out in what respect the first instruction is erroneous, this assignment will not be further considered.

The errors assigned with respect to instruction No. 2 are, that inasmuch as Barr & O'Connor retained possession of the premises and of the bar-room during all of this period, they remained liable for the rent, as there was no injunction against the use of the premises for any other purpose save as a barroom; and that any damages sustained by reason of the fact that no intoxicating liquors could be sold, were damages sustained, not by the Pine Beach Investment Corporation, but by Barr & O'Connor, who were liable to the Pine Beach Investment Corporation for the full amount of the rent; and that, therefore, the instruction of the court was erroneous.

It was provided in the sub-lease from the Pine Beach Investment Corporation to Barr & O'Connor that the said premises were "to be used by said lessees as a place for the dispensing or sale of spiritous and malt liquors by retail and for any other use usually accompanying and attendant upon such business, but for no other purpose or purposes whatsoever."

It seems clear, therefore, that the Columbia Amusement Company obtaining the injunction which prevented Barr & O'Connor from selling liquor on the leased premises, prevented them from enjoying the only privilege to which they were entitled under the sub-lease, and they were powerless to use the premises for any other purpose. Under the facts shown in evidence, the Pine Beach Investment Corporation could not have recovered from Barr & O'Connor during the time the injunction was in force, under well recognized principles of law, and the Pine Beach Investment Corporation was in conse-

quence injured to the extent that its right to recover rent was impaired by the act of the Columbia Amusement Company. We think, therefore, that the Columbia Amusement Company, having improperly interefered and obtained an injunction to which it was not entitled, became responsible for whatever damages might be sustained, and that the court was right in directing that it should be borne by the party ultimately responsible for the injury.

The second assignment of error to this instruction is that it told the jury that damages might be recovered for the loss of rent from the period in which the temporary injunction was made permanent until the final reversal by this court. It is submitted that the only bond required was the bond covering damages during the time in which the temporary injunction was in force, and that when the temporary injunction was made permanent it was merged in the permanent injunction; and that no recovery can be had on this bond for any damages which were sustained between the date of the permanent injunction and its final dissolution.

This seems to be a very narrow interpretation of the injunction bond. By its terms, the obligors therein became responsible to pay all such costs as may be awarded against the said plaintiff and all such damages as shall be incurred in case the said injunction be dissolved." It specifically embraces all costs and all damages.

The circuit court had required, as a condition to granting the relief which the Columbia Amusement Company prayed for, that it should execute a bond; upon the faith of that bond the injunction was granted; and by the decree of the circuit court, the injunction so granted was perpetuated and remained in force until dissolved by the decree of this court. Whatever costs and damages were incurred and suffered from the time the injunction was granted until its dissolution seem to be plainly within the terms of the injunction bond, and any other interpretation or construction would fall short of securing to a

party who had been hindered and restrained by injunction at the suit of his adversary compensation adequate to the injury suffered. We are of opinion that this assignment of error cannot be maintained.

The third error assigned is that the court improperly allowed the defendant to introduce the injunction obligation above referred to. The objection urged under this assignment is that section 3442 of the Code provides, that an injunction, except in specified cases, "shall not take effect until bond be given in such penalty as the court, or judge, awarding it may direct, with condition as to the court shall seem just and proper in the case;" the contention being, that it is an essential requisite to the validity of the injunction bond, that the condition shall be prescribed by the court, while in this case the order recites that the injunction shall not take effect until the plaintiff, or some one for it shall have executed a bond in a prescribed penalty, and conditioned "according to law."

The course pursued in this case is, we believe, in accordance with the general, if not with the almost universal, practice in the courts of original jurisdiction in granting injunctions. When the court directs that a bond be executed conditioned "according to law," it has in its mind in the vast majority of instances just such a bond as was executed in this case—a bond to answer all costs and damages that may be incurred by reason of suing out the injunction in case the same shall be dissolved. It sometimes happens from the peculiar nature of the case that it is proper to prescribe a special condition to meet the particular emergency; but in the great majority of instances the form adopted in this case is sufficient to meet the situation, and the judge who directs in his order that a bond shall be executed, conditioned according to law, or as the law directs, or some such equivalent expression, has in mind and in effect prescribed a bond in the terms here used as being just and proper in all save exceptional instances, where the rights and interests of the parties, owing to some fact or circumstances which may dif-

ferentiate the case from the general rule, may require special conditions.

But if the position of the plaintiff in error were sustained, it would not aid him, because, having executed the bond, and having obtained and acted upon the injunction, he would be estopped to deny his liability upon this bond.

In *Harman* v. *Howe,* 27 Gratt. 676, an injunction was granted, and the decree provided for a bond "on the usual terms," without fixing its penalty. The bond was given in a penalty about double the amount of the judgment injoined. In an action on the bond, the defense was made that the decree was not in compliance with the statute; but Judge Moncure, speaking for the court, said: "Without deciding that question, we are of opinion that the obligors to the bond are estopped from denying that the penalty of the bond conformed to the direction of the judge who awarded the injunction."

Judge Fauntleroy says, in *Wray* v. *Davenport,* 79 Va. 26: "It is too late now, and in this court, for the appellants to claim that the injunction sued out by them, and maintained and insisted upon by them for three years and a half, was improvidently granted, and was in fact no injunction. They prayed for and obtained it. They raised no objection to it or its requirements. They gave the bond. They reaped the benefit of all the proceedings. They took the property levied on, and may have used it up, so that no vestige of it remains. They are estopped to deny that the bond was proper in form or substance. They took the injunction, and they cannot now disclaim their bond."

In *Blankenship* v. *Ely,* 98 Va. 359, 36 S. E. 484, it is held, that "a bond executed pursuant to an order made in a chancery suit requiring its execution as a condition precedent to the enjoyment of certain rights, does not derive its efficacy from the order. The liability of the obligors is determined by the bond alone and not by the order. The obligors are estopped to deny the recitals of the bond, even if they were in conflict with the record."

---

Opinion.

---

Plaintiffs in error claim that the amount of the recovery is somewhat in excess of what it should be, but we do not think their claim in this respect is so clearly established by anything in the record as to justify us in making an abatement.   *McIntyre* v. *Smith,* 108 Va. 736, 62 S. E. 930, 2 Va. App. 601.

We are of opinion that the judgment should be affirmed.

*Affirmed.*