## Wythedille

### VIRGINIA BEACH DEVELOPMENT COMPANY V. COMMON-
### WEALTH.

#### June 12, 1913.

1. INJUNCTIONS—*Action on Bond—Liability of Obligors—Case at Bar —Damages Recoverable—Failure to Give Additional Bond.*—The liability of the obligors in an injunction bond is determined by the bond alone. In the case at bar, the condition of the bond, following the language of the statute, was "to pay all such costs as may be awarded against the party obtaining the injunction and all such damages as may be incurred in case the injunction shall be dissolved." The injunction was dissolved and the suit dismissed, for failure to give an additional bond, before this action was brought. The order for the additional bond was made pending a hearing of a motion to dissolve upon the merits of the case, after evidence had been taken, and as a condition of granting a motion of the defendant to give opportunity for taking further evidence.

    *Held:* In these circumstances the obligors in the injunction bond cannot escape liability to the plaintiffs on the theory that the injunction was dissolved because the new bond was not given, and not because the injunction was erroneously awarded.

2. INJUNCTION—*Action on Bond—Damages Recoverable—Case at Bar.* Damages recoverable in an action for breach of the condition of an injunction bond must be such as are the natural and proximate result of the issuance of the writ. In the case at bar, the damages awarded are not excessive, but are such as the evidence warranted.

Error to a judgment of the Circuit Court of the city of Norfolk in an action of debt. Judgment for the plaintiffs. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Loyall, Taylor & White,* for the plaintiffs in error.

*J. Edward Cole,* for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

In the chancery cause of Virginia Beach Development Company against Meta D. Matthews and others, the plaintiff, on the 17th day of May, 1902, obtained from Hon. R. R. Prentis, judge of the circuit court of Princess Anne county, an injunction restraining and prohibiting said defendants from erecting on the premises of the said Meta D. Matthews, at Virginia Beach, in the county of Princess Anne, described as lot 10 and half of 9, in square 11, etc., any building to be used as a public bath house, or for any other purpose than as an out-house to the residence theretofore erected on the said premises, and from using any building on the said premises for any other purpose than as a residence or boarding house, until the further order of the court. The injunction was conditioned upon the plaintiff entering into and acknowledging a bond with good security in the clerk's office of the circuit court of Princess Anne county, before the clerk of said court, in the penalty of $1,500, "conditioned to pay all such costs as may be awarded against the complainant and all such damages as may be incurred, in case the injunction herein mentioned shall be dissolved." Pursuant to the order of the judge of the circuit court awarding the injunction, the complainant, Virginia Beach Development Company, as principal, and N. Beaman, as surety, executed the required injunction bond in the penalty of $1,500, conditioned as required in the order awarding the injunction, and in conformity with the terms of the statute, *infra,* in such cases made and provided.

Subsequently, in the same chancery cause, a decree was

entered on May 21, 1903, directing that "unless a new injunction bond in the penalty of $3,000.00 should be given by the Virginia Beach Development Company within five days, the said preliminary injunction should stand dissolved." The said bond for the $3,000 was not given, and, on the 5th day of March, 1907, a decree was entered in the cause dismissing it at the complainants' costs, on the ground that the injunction issued therein stood dissolved by the decree of May 21, 1903, the complainant not having given the additional bond for $3,000 required of it within five days from the date of said decree.

At the rules held for the circuit court of the city of Norfolk, in the clerk's office thereof, on the first Monday in September, 1908, the Commonwealth of Virginia, at the relation of L. D. Yarrell, administrator of the estate of Metta D. Matthews, deceased, and Augustus Matthews, instituted this suit against the Virginia Beach Development Company and N. Beaman to recover costs and damages to the amount of $1,500 alleged to have been incurred to the said Metta D. Matthews and Augustus Matthews by reason of the suing out by the defendant, the Virginia Beach Development Company, of the said injunction in the above named chancery cause which was dissolved as aforesaid.

The case was twice tried before a jury, in the first of which trials the jury found for the plaintiffs and assessed their damages at $1,200 (no provision for interest being made in the verdict), and the court placed the plaintiffs on terms to accept a judgment for $450, or else submit to a new trial; and, the plaintiffs declining to remit a part of the recovery, the verdict was set aside and a second trial ordered.

In the second trial, had on May 6, 1912, the defendants demurred to the evidence, and, subject to the decision of the court on the demurrer, the jury brought in a verdict

assessing plaintiffs' damages at $951,67, with interest from the 26th of May, 1903, which verdict the defendants moved the court to set aside, on the ground that the damages it allowed were excessive, but the court overruling the demurrer to the evidence, overruled also the motion to set aside the verdict of the jury, and entered judgment thereon, to which judgment this writ of error was awarded.

There are two questions presented: First, on the demurrer to the evidence, whether the court should not have sustained the demurrer, on the ground that no cause of action had been shown by the plaintiffs (defendants in error here), as the injunction had been dissolved, not because it was erroneously awarded, but only because the Virginia Beach Development Company had not given the required new bond; second, whether the damages assessed by the jury, subject to the demurrer to the evidence, are excessive?

With respect to the first question presented, plaintiffs in error contend that in order to recover damages resulting from the granting of an injunction, it must be alleged and proven by the plaintiff, in an action on the injunction bond, not only that the injunction has been dissolved, but that it was erroneously awarded.

The bond sued on in this instance is in the very terms of our statute, section 3442 of the Code of 1904, which provides that the conditions of an injunction bond shall be "to pay all such costs as may be awarded againsts the party obtaining the injunction, and all such damages as may be incurred in case the injunction shall be dissolved"  .  .

It is well settled by the decisions of this court, that the liability of the obligors in such a bond is determined by the bond alone. *Blankenship* v. *Ely,* 98 Va. 359, 36 S. E. 484; *Columbia Amusement Co.* v. *Pine Beach Co.,* 109 Va. 325, 63 S. E. 1002, 16 Ann. Cas. 1120, and authorities cited.

In the last named case it was held that a plaintiff who

has executed an injunction bond, and has obtained and acted upon the injunction is estopped to deny his liability upon the bond.

In *Clayton* v. *Anthony,* 15 Gratt. (56 Va.) 518, it was held: "Dissolution imports that damages are to be.paid, unless they are expressly remitted by the terms of the order."

The opinion of this court in *Hubble* v. *Cole,* 88 Va. 236, 13 S. E. 441, 13 L. R. A. 311, 29 Am. St. Rep. 716, cited for plaintiffs in error, says: "The defendant was undoubtedly bound by her deed, and if, without sufficient cause (and the dissolution and the dismissal of the bill is conclusive of that) the defendant deprived the plaintiff of the benefit and profits accruing to him thereunder, she should undoubtedly respond in damages."

Several cases have been cited as supporting plaintiffs in error's contention here that before the obligors in an injunction bond can be required to respond in damages to the obligee in the bond, it must first be determined that the injunction was erroneously awarded, but those cases were ruled by a statute different from ours, notably the case of *Palmer* v. *Foley,* 71 N. Y. 106, in which the decision of the court was based upon the statute of New York—section 22 of the Code—providing that the condition of the undertaking in an injunction bond should be that the plaintiff will pay to the defendant such damages, not exceeding an. amount which is specified, as the defendant may sustain by reason of the injunction, if the court should finally decide that the plaintiff was not entitled thereto.

The difference in the condition of injunction bonds is discussed at some length in *Jessie Branch Piano Co.* v. *Porter,* 134 Ala. 302, 32 Southern Rep. 678, 92 Am. St. Rep. 31, where the opinion says: "The bond is the contract of the party executing it: the statute prescribes its

terms and conditions; and the right of action arises immediately upon the breach of its conditions. The promise is to pay all damages and costs if the injunction is dissolved. The failure to pay all damages and costs sustained by the suing out of the writ, after the same has been dissolved, is a breach of the bond, and there is nothing in the statute nor in the bond which postpones the right of action until after a final decree on the merits. There are cases to be found which hold that there can be no assessment of damages for suing out the writ until a final hearing of the cause in which the writ issued. We apprehend that these cases, however, are based upon a statute different from ours, or upon a bond different from the one sued on."

In *Alliance Tr. Co.* v. *Stewart,* 115 Mo. 236, 21 S. W. Rep. 793, the bond given and sued on was conditional on the payment of "all damages that may be occasioned by such injunction, and of all sums of money, damages and costs which shall be charged against it if the injunction shall be dissolved." *Held:* That "in an action on the injunction bond the defendant could not maintain that the injunction was improperly issued in the first place, and that therefore only nominal damages should be awarded against him, for the very terms of the statute and of the obligations of the bond required the payment of damages should the injunction be dissolved." See also *Gray* v. *Railroad Co.,* 162 Ala. 262, 50 So. Rep. 352; *Roach* v. *Goodman,* 9 Gratt. (50 Va.) 93; *White* v. *Clay's Ex'ors,* 7 Leigh (34 Va.) 68.

The injunction in the case at bar was dissolved and the bill upon which it was awarded dismissed before this action on the injunction bond was instituted, so that if it were true, as plaintiffs in error contend, that the injunction was dissolved and the chancery cause in which it issued dismissed, not because the injunction was errone-

ously awarded, but only because the Virginia Beach Development Company had not given the required new bond, that fact can avail them nothing as a defense to this action. Besides, it is shown upon the face of the decree providing that unless the new injunction bond required be given within the time specified the injunction theretofore issued in the cause should stand dissolved, that the cause had been regularly matured, the depositions of witnesses taken, and also facts agreed to; that the case was then before the court for a complete hearing on the motion of the defendants in error to dissolve the injunction; and that it was after argument commenced, when counsel for plaintiffs in error asked leave to take further evidence, which was granted upon the condition expressed in the decree, that the injunction bond be enlarged to $3,000, thus unmistakably indicating that plaintiffs in error well understood that upon the record as it then stood, unless strengthened by additional proof, the injunction would be dissolved then and there upon a full hearing upon the merits of the case. In these circumstances, plaintiffs in error cannot escape liability to defendants in error in this action upon the theory that the injunction was dissolved because a new bond, required of the complainant in the chancery cause, was not given, and not because the injunction was erroneously awarded; and, therefore, the trial court did not err in overruling the demurrer to the evidence.

Are the damages assessed by the jury excessive?

"Damages recoverable in action for breach of an injunction bond must be such as are the natural and proximate result of the issuance of the writ." *Jessie F. Piano Co.* v. *Porter, supra.*

The declaration in this case alleges that by reason of the issuance of the injunction the plaintiffs incurred the payment of costs amounting to $101.67; that the bath house, which was partially constructed, had to be left

without a roof, and the lumber for the same, being exposed to the weather, commenced to rot and was damaged to the extent of $400; that the plaintiffs lost entirely the sum of $200, expended for labor, and also, by reason of the said injunction were compelled to erect a stable elsewhere, at a cost of $50; and also lost the rent upon said buildings and premises, amounting to the sum of $1,500.

This injunction was in force fully one year, and at the trial of this cause the court, without objection on the part of plaintiffs in error, instructed the jury as follows:

"No. 1. The court instructs the jury, in finding damages in this case, they may take into consideration the costs in the injunction suit, the rental value of the bath house in question, as shown by the evidence, from the time the said injunction was awarded on May 17, 1902, to the time the same was dissolved on May 26, 1903, and any deterioration, if any, that may be proved by the evidence to the property during the existence of said injunction, provided the sum shall not exceed $1,500, with interest from the day of the breach of the conditions of said bond.

"No. 2. The court instructs the jury that the burden of proving damages is on the plaintiffs, and the jury can only find such damages as are proved by the evidence; they must not guess, but must base their findings upon the evidence introduced in the case."

The verdict of the jury was, as stated, for $951.67, with interest from May 26, 1903, and when the amount of the costs in the injunction suit, $101.67 (which was not disputed), is deducted, the verdict allowed only the sum of $850 as the rental value of the bath house in question from the time the injunction was awarded to the time it was dissolved, and for the deterioration of the property during the existence of the injunction.

There was evidence tending to prove loss to defendants in error by reason of damage to the bath house, left only

partly constructed, and the amount expended in labor which was totally lost, as alleged in their declaration; so that the verdict of the jury does not cover the rental value of the property, as contended for by plaintiffs in error. But be that as it may, W. J. O'Keefe, a totally disinterested witness examined on behalf of defendants in error, and who had lived on the beach for twenty years, had rented and used similar property to that here the subject of litigation, and was familiar with the condition and value of this specific property in 1902 and 1903, when asked as to his experience and familiarity with beach property and the rental value thereof, and the value of concessions, and what was a fair rental value for the "Matthews bath house," as located, in 1902 and 1903, answered: "In 1902, with the amusements and everything adjoining this bath house, I really thought a thousand dollars would have been a proper value for it, because it had one of the best locations on the beach, because of the moving of the pavillion to the old hotel, and the excursions around it— the excursionists were around this property and the bath house on the ground had a big advantage over one further away, adjoining the amusement end of it. That is my experience with bath houses, and I have run them."

This witness further stated that the candy stand, as located on this property and used by its owners afterwards and intended to be used when injoined, had an annual rental value of $175. There is other testimony in the record corroborating that given by the witness O'Keefe.

Upon the whole case, we are of opinion that the judgment of the circuit court is without error, and, therefore, it is affirmed.

*Affirmed.*