## CHARLESTON.

KARR v. BALTIMORE & OHIO RAILROAD CO.

Submitted May 12, 1915. Decided June 15, 1915.

1. COMMERCE—*Interstate Shipment—Operation of Hepburn Act—Pleading.*

The act of Congress known as the Hepburn act, imposing liability upon the initial carrier, when engaged in interstate commerce, ''for any loss, damage or injury'' to an interstate shipment ''caused by it or by any common carrier, railroad or transportation company to which such property may be delivered or over whose lines it may pass'', supersedes the common law rule regarding negligent delay in the transportation of live stock; and its provisions may be invoked, when the proof shows its applicability, though not averred in any pleading filed in the case. (p. 528).

2. EVIDENCE—*Declarations of Agent—Admissibility.*

> Proof of the acts and declarations of an agent, made in the course of employment and relating to transactions in which he is engaged, is competent evidence against the principal.  (p. 530).

3. TRIAL—*Instructions—Inapt Phraseology—Construing Together.*

> If when considered together instructions state the law of the case, and are not palpably inconsistent or misleading, mere inaptness of phraseology does not necessarily vitiate any one instruction.  (p. 529).

Error to Circuit Court, Mason County.

Action by J. J. Karr against the Baltimore & Ohio Railroad Company.  Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Rankin Wiley,* for plaintiff in error.

*B. H. Blagg* and *Somerville & Somerville,* for defendant in error.

LYNCH, JUDGE:

As grounds for reversal of a judgment recovered by plaintiff in assumpsit for damages occasioned by delay in the transportation of 39 cattle and 19 hogs from Mason City to Pittsburgh, a distance of 225 miles, defendant assigns insufficiency of the evidence and misdirection of the jury.

The shipment was consigned to commission merchants for sale at the Union Stock Yards on Monday, November 20, 1911, that being the only regular market day for cattle that week. The train carrying the stock was the regular weekly stock train operated by defendant between Kenova and Pittsburgh. It left Mason City at 9 o'clock on Saturday evening, November 18, and was due to arrive at defendant's freight yards located at Willow Grove in or near Pittsburgh from 2 to 4 o'clock the following Sunday afternoon, whence cars containing stock were transferred to the connecting carrier for delivery to consignees at the Union Stock Yards on Herr's Island.  But the train did not reach Willow Grove until 1.35 o'clock Monday morning, or eleven hours late; and, though promptly delivered to the connecting carrier, plaintiff's stock did not reach its destination until after the close of the market.

on that day.  Plaintiff, thus being deprived of the benefit of
the regular market, was compelled to sell his cattle the next
day upon an irregular market at a sacrifice in price, and upon
a reduced weight caused by lack of the usual opportunity to
unload, feed, water and rest the stock.

This extraordinary delay defendant did not attempt to ex-
plain, but did endeavor to exonerate itself from liability by
proof tending to show that, because of the congested condition
of the market due to an unusual number of stock for sale on
that day, and the absence of a sufficient opportunity to
transfer and unload the cattle and hogs and find ·pens for
them at the stock yards, the loss, if any, suffered by plaintiff
was not due to the lateness of the arrival at Willow Grove,
but to other causes not within defendant's control.

Being in the nature of a plea of confession and avoidance,
this defense can not avail defendant, for two reasons.  First,
the delay in the arrival of the shipment at defendant's ter-
minal was the primal cause of the loss sustained by plaintiff.
Had the shipment arrived there on or near the usual hour,
and not eleven hours thereafter, it would have been delivered
at the stock yard relatively earlier, for the reason that stock
intended for sale on Monday was transferred to the market
place and unloaded in the order of its arrival at the Pitts-
burgh junction of the two railroads, as each initial carrier
reports to the terminal carrier the time of the arrival and
placement of each stock train at the junction, and "whatever
train reports first is placed here to unload next".  Other
stock shipments arriving within the eleven-hour delay period
reached the stock yards and were sold on the Monday market.
Second, as defendant was a common carrier engaged in inter-
state commerce, and the stock an interstate shipment, the
initial carrier was subject to the provisions of the Hepburn
act, imposing liability upon the intial carrier "for any loss,
damage or injury to such property caused by it, or by any
common carrier, railroad or transportation company to which
such property may be delivered or over whose lines it may
pass; and no contract, receipt, rule or regulation shall exempt
such common carrier, railroad or transportation company
from the liability hereby imposed".  4 U. S. Comp. Stat. 1913,
§8592 (11).  Failure to plead the act does not prevent the

invocation of its provisions in any case wherein they properly apply. The act itself is the law governing and controlling the liability of interstate railroads as regards interstate shipments. And if from the proof it appears, as it does here, that the carrier was engaged in interstate commerce and the shipment was an interstate shipment, either party may invoke the benefit or protection of the federal act.

But, admitting the relevancy of the proof adduced by defendant and relied on as exonerating it from liability on account of the delay in transportation, conflicting as it is with evidence to the contrary introduced by plaintiff, this feature of the case was fairly submitted to the trial jury upon such testimony, and by an instruction virtually forbidding recovery if the delay in delivery "was occasioned by the congested condition at the place of consignment". Apart from any question as to the validity of the defense interposed, the verdict is clearly supported by the weight of the evidence introduced upon the trial of the case, deeming all of it relevant to the issues raised by the pleadings.

But defendant vigorously assails instruction number 1 given for plaintiff, telling the jury that if from the evidence they believed defendant "failed to *promptly* transport and deliver" the shipment to the consignees "such delay in delivery  *  *  is prima facie evidence of negligence upon the part of the defendant company". By using the word italicized, the instruction exacts of the carrier a duty in excess of the legal requirement. *Bosley* v. *Railroad Co.*, 54 W. Va. 564, and *Woodford* v. *Railroad Co.*, 70 W. Va. 195, state the true rule, and require delivery of a stock shipment within a reasonable time. "What is a reasonable time for transportation is a question for the jury, depending upon the facts and circumstances of each particular case, and upon the nature of the freight to be carried. Proof of failure to deliver cattle at the place of destination within the usual schedule time establishes a prima facie case of negligence, and makes it incumbent upon the railroad company to justify the delay. *  *  Live stock requires more rapid transportation than coal or lumber, for instance, and it is the duty, as well as the custom, of railroad companies to furnish more rapid transportation for the former than the latter." Standing alone,

the instruction given is manifestly erroneous. The substitution of the phrase ''within a reasonable time'' for the word ''promptly'' would have eliminated its objectionable feature. But, as two other instructions given for plaintiff and each of the four instructions given for defendant correctly define and limit the diligence and liability based on negligent delays, we cannot say the first instruction was essentially prejudicial or misleading. Instructions are to be construed together; and if, when so considered, they are found to be consistent and fully state correct legal principles applicable to the particular case, and are not plainly misleading, inaptness of phraseology will not necessarily vitiate a particular instruction, under the more liberal rule declared in *Neil* v. *Timber Co.*, 84 S. E. 239.

The propriety and applicability of plaintiff's instructions 2 and 3 are challenged, on the ground that they improperly invoke the provisions of the Hepburn act quoted. But, as we have seen, that act was applicable under the proof, although not specifically referred to except in these two instructions. Nor does defendant now rely upon the inapplicability of that statute. The charge limited the jury to a consideration of the evidence, and required them to base their finding upon the facts proved; and, as the instructions correctly stated the law of the case, they could not have misled the jury to defendant's prejudice.

The statement of the plaintiff that Joe Ruth, defendant's agent at Mason City, informed him that the stock train would arrive at Pittsburgh ''between two and four o'clock Sunday evening'', is made the subject of complaint by a bill of exceptions. Defendant fails to point out, nor do we perceive, in what respect this testimony was incompetent or prejudicial. Why may not an agent in charge of the shipping facilities of a carrier impart information as to matters presumably within his knowledge? If fairly competent for the discharge of such duties, he may reasonably be expected to have sufficient knowledge to afford a shipper reliable information of the approximate hour for the arrival of a stock train at a destination only 225 miles distant from the place of shipment. Nor does the agent violate any duty he owes the principal if he gives such information. His acts and declarations made in the course of his employment and relating to transactions in which he

is engaged always bind the principal. *Hall Co.* v. *Hall*, 102 Va. 284; *Blair* v. *Bank*, 103 Va. 762. Besides, from other proof it does sufficiently appear that Ruth's statement was approximately correct as to the usual time for the arrival of the stock train. Other bills of exceptions, though relied on as sufficient, are totally inadequate under the rule frequently applied in this state. *State* v. *Henaghan*, 73 W. Va. 706; *Stewart* v. *Parr*, 82 S. E. 260; *Hill* v. *Norton*, 82 S. E. 363.

The judgment being free from error, an order of affirmance will be entered here.

*Affirmed.*