## CIRCUIT COURT OF LOUDOUN COUNTY

C B & A Homes, Inc., et al.

v.

Peter C. Burnett,
Trustee, et al.

Case No. (Chancery) 13434

By JUDGE THOMAS D. HORNE

June 21, 1991

This cause came to be heard on June 10, 1991, upon complainant's Bill to Compel an Accounting and to Enjoin Foreclosure upon a certain parcel of land described as Tax Map Parcel # 48-8A, Town of Leesburg, County of Loudoun, Virginia. The Court awarded a temporary injunction prohibiting foreclosure upon the subject parcel by Decree of April 10, 1991. Central to the complaint is the suggestion that defendant Bank had failed to state what sums were due pursuant to the note and credit line deed of trust and that the debt, if any, be properly ascertained prior to foreclosure.

While not a formal accounting, the Bank did furnish a statement of sums due under various obligations secured by the Credit Line Deed of Trust and Security Agreement dated October 22, 1990. Complainants' evidence shows them to be in default at this time. Defendant Bank has furnished a statement as to the amount due. Foreclosure should no longer be enjoined.

Accordingly, the Court will grant the Motion to Strike made at the conclusion of complainants' case and dismiss the Bill and dissolve the injunction previously

ordered. However, the Court will direct that the bond be retained by the Clerk pending action on defendants' Amended Motion for an Award of Interest, Attorneys' fees and costs.

August 28, 1991

On April 10, 1991, this Court enjoined the foreclosure sale of 7.8696 acres of property described generally as the "Commercial Section" of the Fort Beauregard development. The affectivity of such injunctive order was predicated upon the posting of a bond by the plaintiffs with the Clerk of this Court. The penalty of the bond was set in the amount of $175,000.00. Pursuant to the provisions of § 8.01-631, Code of Virginia, this Court directed by Order entered on April 12, 1991, that the funds posted in the amount of $175,000.00 be placed with the General Receiver and that the Clerk accept plaintiffs' bond. A review of the file reveals no such bond was taken by the Clerk although the funds were placed with the General Receiver.

On July 5, 1991, this Court entered a Decree dissolving the injunction previously awarded the complainants. In their Second Amended Motion for Judgment, defendant Bank seeks to recover damages against the bond for interest, costs and attorneys' fees.

Pursuant to the provisions of § 8.01-631, Code of Virginia, as amended, a bond given as a condition precedent to the award of an injunction is to be conditioned, *inter alia*, upon payment of "all such damages as may be incurred, in case the injunction shall be dissolved." In order to charge damages against such bond, it is not necessary to show that the injunction was erroneously awarded. *Va. Beach Development Co. v. Commonwealth*, 115 Va. 280 (1913). Those damages recoverable are those which are the natural and proximate result of the issuance of the injunction. *Carr v. Citizens Bank & Trust*, 228 Va. 644 (1985).

While not determinative of defendant Bank's entitlement to relief, the Court finds, upon the evidence presented at the hearing upon the temporary injunction, that the plaintiffs were entitled to an accounting as a predicate to commencing foreclosure proceedings. As has been alluded to by counsel for the plaintiffs, the requirement, where

the equities so demand, of an ascertainment of the debt prior to foreclosure has been frequently commented upon by the Virginia Courts. *See e.g., Hudson v. Barham,* 101 Va. 63 (1903); *Wilkins v. Gordon,* 38 Va. (11 Leigh) 547 (1841). For a general discussion, counsel may consult a *Note* contained in *Virginia Reports Annotated,* 186, 203, to *Cadwallader, et al. v. Mason, et al.,* Wythe 188 (1793).

As the requirement for payment upon dissolution is mandated by statute, the Court finds such provisions to have been necessarily included in the agreed Order placing the funds with the General Receiver. In determining the proper measure of damages, the Court finds that the following are chargeable against the bond upon its dissolution:

1. Attorneys Fees: $12,452.00. These fees are the natural and probable consequence of the issuance of the temporary injunction and are provided for by the note and deed of trust. The Court finds that such fees are reasonable based upon the evidence and billings submitted.

2. Costs: $631.00.

3. Interest from April 10 to July 30. Interest is to be calculated in accordance with the findings set for below and included in the Final Decree. Counsel should submit the work papers used in calculating interest to be charged against the bond and submit them with the Final Decree.

As counsel for the complainants has observed, the instant injunction only prohibited foreclosure against the 7.8696 acres of the "Commercial Section" of "Fort Beauregard." Insofar as those obligations, other than the $300,000.00 note, which are secured by the Credit Line Deed of Trust and Security Agreement, the Court finds that the defendants have not shown that the interest on those obligations can be charged against the bond in this case. It is a matter of sheer speculation as to the way in which the bar to foreclosure on the commercial section impacted on those obligations upon which such commercial property served only as additional collateral. Interest should not be computed against draws on principal made after the injunction became effective. Accordingly, counsel for the bank shall recompute the interest due from April 10 to July 30 in accordance with the decision of the Court and include same in the Final Decree.