# May *v.* Walter Brothers.

### *Action on Injunction Bond.*

1. *Breach of injunction bond; dissolution of injunction.*—An injunction being sued out to restrain the further prosecution of an action at law, founded on notes given for the purchase-money of land, and a suit in equity to enforce a vendor's lien on the land; and the injunction bond being conditioned to pay "all damages any person may sustain by the suing out of this injunction. if the same is dissolved;" an action at law can not be maintained on the bond, until the injunction has been dissolved; and the injunction suit being heard and submitted at the same time with the suit to enforce the vendor's lien, a decree declaring a vendor's lien, and ordering a sale of the land for the payment of the amount ascertained to be due, with the costs of both suits, but making no disposition of the injunction, does not operate a dissolution, nor authorize a suit on the bond.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JNO. P. HUBBARD.

This action was brought by James T. May, against Walter Brothers and others, and was founded on an injunction bond. The bond sued on, the record and proceedings in the injunction suit, and the proceedings in the other suit therein referred to, were read in evidence without objection; and this being all the evidence, except as to the amount of counsel fees paid by plaintiff, the court charged the jury that they must find for the defendants, if they believed the evidence; and this charge, to which the plaintiff excepted, is now assigned as error.

ROQUEMORE, WHITE & LONG, and JOHN GAMBLE, for the appellant.

W. H. GRAVES, and W. A. GUNTER, *contra.*

CLOPTON, J.—The action, which is brought by appellant, is founded on a bond given by appellees to obtain a writ of injunction, restraining appellant from prosecuting an action at law in the Circuit Court, and a suit pending in the Chancery Court. The condition of the bond is, if the appellees shall pay "all damages which any person may sustain by the suing out of the injunction, if the same

[Young v. Pollak & Co.]

is dissolved," then the obligation to be void. The complaint avers that the injunction was dissolved before the commencement of the action.

The suit in equity was a bill filed by appellant to enforce a vendor's lien on land, and the action at law was a suit on notes given by the vendees for the purchase-money. The case in equity brought by appellant, and the case in which the injunction was sued out, were submitted to the chancellor at the same time, to be heard together. The chancellor rendered a decree, that appellant had a vendor's lien on the land for the payment of the notes for the purchase-money, and, without a reference to the register, ascertained the amount due, and ordered a sale of the land to pay the same, and the costs of both suits. No decree dismissing the bill filed by appellees to obtain the injunction, or dissolving the injunction, was made by the chancellor, and the suits were not finally disposed of. The appellant has failed to show that the injunction was dissolved, and, of consequence, a breach of the bond.

Affirmed.