# Jesse French Piano & Organ Co. *v.* Porter *et al.*

### *Action upon Injunction Bond.*

1. *Breach of injunction bond; attorneys' fees recoverable as damages.*—The damages recoverable in an action for the breach of an injunction bond, conditioned to pay all damages and costs which any person may sustain by reason of the suing out of said injunction, includes attorneys' fees incurred in the dis-

[Jesse French Piano & Organ Co. v. Porter *et al.*]

　　solution of the injunction; and the measure of the attorneys'
　　fees recoverable is a fair and reasonable value of the serv-
　　ices rendered in procuring the dissolution of the injunction.

2.　*Same; same; fees incurred on appeal.*—Where, after the disso-
　　lution of a temporary injunction, an appeal is taken and
　　the decree dissolving the injunction is affirmed, upon a suit
　　on the injunction bond, the attorneys' fees incurred in resist-
　　ing the effort to have the decree of dissolution set aside
　　are the natural and proximate result of the issuance of the
　　writ and are, therefore, recoverable.

3.　*Same; when right of action accrues.*—The right of action on an
　　injunction bond accrues immediately upon the dissolution of
　　the injunction, and it is not necessary for the defendant in
　　an injunction suit to await the final determination of the
　　cause in which the writ was issued, before he can maintain
　　an action upon the bond. (TYSON, J., *dissenting.*)

4.　*Charge of court to jury; sufficiency of evidence.*—On the trial
　　of a civil case, a charge which instructs the jury that they
　　should return a verdict for the defendant if there be an ele-
　　ment of uncertainty in the evidence which they　can　not
　　solve, is erroneous and properly refused.

　　APPEAL from the City Court of Montgomery.

　　Tried before the Hon. A. D. SAYRE.

　　This suit was brought by the appellees, E. E. Forbes
and T. F. Wing, against the appellants, and counted
upon an injunction bond; and sought to recover dam-
ages resulting from the suing out of a writ of injunc-
tion. The principal damages claimed were attorney's
fees incurred by the plaintiffs. The plaintiff proved
the allegations of the complaint as to the institution of
the suit in equity mentioned, the giving of the injunc-
tion bond, its dissoltion by the judge of the city court,
and the appeal to the Supreme Court by the complain-
ant, but without reinstatement of the injunction pend-
ing the appeal, and the affirmance of the Supreme Court;
and defendants proved that the same cause had after-
wards been heard on the merits in the said city court and
that the bill had been dismissed and that an appeal had
been duly taken to the Supreme Court in said cause and
was then pending at the time of the trial of this cause,
but said appeal was taken after the commencement of
this suit. The plaintiff also proved that he employed
counsel to have the said injunction dissolved and to at-

[Jesse French Piano & Organ Co. v. Porter *et al.*]

tend to the case throughout, but did not agree on any particular fee, but only to pay them a reasonable fee for their services in the case, and it was admitted in open court, as evidence, that no part of the fee had been actually paid to his attorneys.

The following recital as to the evidence relating to the services of plaintiff's counsel is contained in the bill of exceptions: "There was evidence tending to show that the services of plaintiff's counsel in the lower court and the Supreme Court in said injunction suit and pertaining to the injunction were reasonably worth the fee sued for in the complaint, but one of the attorneys testifying as to the value of such service stated that he made his estimate upon what work the record disclosed as having been done, including the opinion of the Supreme Court, and upon what Mr. Holloway told him had been done; Mr. Holloway being one of the attorneys doing the work and who was not examined as a witness."

The court, at the request of the plaintiffs, among other charges, gave to the jury the following written charge: "If the jury believe the evidence in this case, they must find for the plaintiffs." The defendants separately excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following charges requested by them: (1.) "That the plaintiff cannot recover in this case pending an appeal to the Supreme Court." (3.) "That the opinions of witnesses in reference to attorney's fees in so far as they are based on what they were told by the Messrs. Holloway or other persons not examined as witnesses can not be regarded, and if it is not shown to what extent what was thus told said witnesses, influenced or affected the opinion of said witnesses, them the entire opinion of said witnesses must be disregarded." (4.) "That the plaintiff must make out his case as to all points and to show to the jury *by compentent evidence* the reasonable amount of the charges sought to be enforced against the defendant; and if there is not such evidence without an element of uncertainty

therein which the jury can not solve they must find for the defendants as to such matters." (6.) "That the defendants are not liable for the value of the attorney's fees for services in the Supreme Court in this case." (7.) "That if the plaintiff contracted with his attorneys to pay them a reasonable attorney's fee for the whole case and that service has not been completed, the plaintiff can not recover on a *quantum valebat* or *meruit* for part of the services involved in the whole service, without at least showing to the reasonable satisfaction of the jury the proportion of the value of the service proposed to be recovered to the whole service." (8.) "That if the fee to attorneys is not established in amount by agreement with them or a liability for a specific amount is shown, the plaintiff can not recover in this case for such attorney's fees upon a *quantum meruit* or *valebat* for part of such fees, if it appears that there is an agreement for the entire fee is shown and the ratio of the special services to the whole is not shown." (9.) "If the jury believe the evidence, they will find for the defendant."

There were verdict and judgment for the plaintiffs, assessing their damages at $200. Defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

GUNTER & GUNTER, for appellant.—After an injunction is dissolved and an appeal is taken, without reinstating the injunction, there can be no recovery on the bond in the way of damages for services of an attorney on the appeal.—*Bullock v. Ferguson*, 30 Ala. 227; *Neiser v. Thomas*, 46 Mo. Ap. 47; *Kittle v. DeLamater*, 7 Neb. 70; *Cohens v. Virginia*, 6 Wheat. 24; *Gee v. Williamson*, 22 Am. Dec. 631; 81 U. S. Rep. note 2, authorities.

The suit involving the right to the injunction is still pending and is now in this court, and there is no right to recover damages for a wrong which may be no wrong.—*Bolling v. Tate*, 65 Ala. 425; *Scranton v. Ballard*, 64 Ala. 402; *Bruce v. Bradshaw*, 69 Ala. 360;

20c

*Brown v. Galena,* 4 Pac. Rep. 1013; *Cohen v. Lehman,* 6 S. W. Rep. 267; High on Injunctions, § 1649; 27 Century Digest, 2323, § 560.

HOLLOWAY & HOLLOWAY and W. L. MARTIN, *contra,* cited *Holmes v. Weaver,* 52 Ala. 516; *Bolling v. Tate,* 65 Ala. 417; *Cooper v. Hames,* 93 Ala. 280; *Jackson v. Millspaugh,* 100 Ala. 285; *Curry v. Amer. F. L. M. Co.,* 124 Ala. 614.

DOWDELL, J.—This is a suit on an injunction bond after dissolution of the injunction, to recover damages resulting from the suing out of the writ. The damages recoverable for breach of an injunction bond must be such as are the natural and proximate result of the issuance of the writ. That attorney's fees incurred in procuring the dissolution of the injunction are such damages, is not now to be questioned. The measure of such damage is the fair and reasonable value of the services rendered in procuring the dissolution of the injunction, and this without reference to the ratio the value of such services might bear to the value of services rendered throughout the entire case in which the injunction is obtained, but not to exceed what the plaintiff has contracted to pay in case the compensation has been agreed on and fixed between the plaintiff and his attorney. The price, however, fixed by contract between the plaintiff and attorney, is not the measure of defendant's liability, since the plaintiff and attorney cannot by their contract place a liability on the defendant beyond and in excess of what would be fair and reasonable compensation for the services actually rendered. In the injunction suit an appeal was taken by the defendants from the decree of the chancellor dissolving the injunction, and it is now contended by appellants here. that there can be no recovery in a suit on the injunction bond for attorney's fees incurred by the plaintiffs on such appeal. The purpose of the appeal was to review and reverse the decree dissolving the injunction, and the reversal of the decree would necessarily reinstate the in-

junction. Attorney's fees incurred in resisting the effort to have the decree of dissolution set aside, are as much the natural and proximate result of the issuance of the writ, as are the fees incurred in procuring the dissolution in the first instance. There is no merit in the argument of counsel, that attorney's fees for resisting an application for an injunction might as reasonably be claimed as damages in the suit, as fees incurred after the decree of dissolution, on the appeal from such decree. Fees incurred in resisting an application for the injunction, cannot possibly be damages *resulting from* the issuance of the writ. The bond sued on contracts to pay damages caused by the issuance of the writ, and such as are the natural proximate consequence of its issuance, and not antecedent damages. It is insisted, that what was said in *Bolling v. Tate,* 65 Ala. 417, in this connection, is *dictum,* and should be departed from. We approve of the reasoning employed in that case, and now sanction as the law what is insisted by counsel was *dictum.*—*Bolling v. Tate,* 65 Ala. 417; *Jackson v. Millspaugh,* 100 Ala. 285; *Cooper v. Hames,* 93 Ala. 285.

A preliminary injunction, commonly spoken of as a temporary injunction, is granted pending a hearing on the merits, and only upon the complainant's entering into bond with surety conditioned and payable as required by law. The statute prescribes the condition, and that condition is, "to pay all damages and costs which any person may sustain by the suing out of such injunction, if the same is dissolved."—Code, § 788. The writ is obtained upon an *ex parte* hearing, and the bond is required as a protection against the abuse of this extraordinary process, and to prevent oppression by its use. It is different from a permanent injunction in that it is preliminary to a hearing on the merits and by no means dependent on such hearing. A permanent injunction may be had on final hearing on the merits without the requirement of a bond; a preliminary injunction cannot. The bond is the contract of the party executing it, the statute prescribes its terms and conditions, and the right of action arises immediately upon the breach of its condition. The promise is to pay all

damages and costs, if the injunction is dissolved. The failure to pay all damages and costs sustained by the suing out of the writ, after the same has been dissolved, is a breach of the bond, and there is nothing in the statute nor in the bond which postpones the right of action until after a final hearing on the merits. There are cases to be found which hold that there can be no assessment of damages for suing out the writ until a final hearing of the cause in which the writ issued. We apprehend that these cases, however, are based upon a statute different from ours, or upon a bond differing in condition from the one here sued on. In 2 High on Injunctions (3d ed.), § 1649, it is said: "The general rule is, that upon the dissolution of an injunction and failure on the part of the obligors to comply with the conditions of the bond, a right of action at once accrues. Nor is it necessary that the obligee should first sue out an execution upon the decree dissolving the injunction, before instituting proceedings at law for a recovery upon the bond, but he may proceed immediately upon the dissolution. But if the bond is conditioned for the payment of such damages as may be sustained if the court shall finally decide that plaintiffs were not entitled to the injunction, no right of action accrues until the final determination of the suit, and the statute of limitations does not begin to run upon the bond until that time." This author states that it has been held, however, that no right of action at law can be maintained on the bond until the final determination of the cause in which the injunction issued, citing *Gray v. Vein,* 33 Md. and *Penny v. Holberg,* 53 Miss.; but the general rule is otherwise as above stated.

The evidence in the case supported the averments of the complaint, and that, too, as shown by the bill of exceptions without conflict. The fact that one of the witnesses who testified in behalf of the plaintiffs as to the value of the legal services rendered in procuring the dissolution of the injunction, based his opinion in part on what had been told him by one of the attorneys of the plaintiffs in the injunction suit as to the amount of service performed, raised up no conflict in the evidence.

[Jesse French Piano & Organ Co. v. Porter *et al.*]

This evidence was admitted without objection from the defendant, and the fact that it was in along with other evidence that showed the value of the services rendered, in no wise affected the probative force of such other evidence, or furnished any reason for not giving the affirmative charge requested by the plaintiffs.

Charge 3 requested by the defendant assumes that the opinions of *witnesses* were based on what whas told them by Messrs. Holloway *and other persons*, when the bill of exceptions shows that the opinion of only one witness, as to the value of the service rendered, was based in part on what Mr. Holloway told the witness, and only Mr. Holloway and *not other persons*. The charge in this respect was abstract, and for that reason, if no other, was properly refused.

Charge 4 requires the jury to return a verdict for the defendant, if there be an element of uncertainty in the evidence which they cannot solve, notwithstanding the jury might otherwise be satisfied from the evidence of the plaintiff's right to recover. The charge is also faulty in that it requires the plaintiffs "to show to the jury *by competent evidence* the reasonable amount of the charges," etc., when there was incompetent evidence in the case, without objection from the defendant, which tended to show such reasonable amount of the charges, etc.

What we have already said in the foregoing opinion upon the questions involved, disposes of the remaining charges requested by the defendant, and which were refused by the court.

We find no error in the record, and the judgment is affirmed.

TYSON, J., *dissenting.*—The point of my dissent goes to the proposition laid down in the opinion that an action may be maintained upon an injunction bond immediately upon the rendition of an interlocutory decree dissolving it, notwithstanding the bill may be retained and upon final hearing the injunction reinstated. Just how this conclusion is to be reconciled with the proposition decided that attorney's fees incurred in resisting the effort to reinstate the injunction by appeal to this

court, are recoverable in a suit upon the bond, I confess my inability to see. For if the right of action arose for a breach of the bond immediately upon the rendition of the decree dissolving the injunction, I am unable to comprehend how damages subsequently arising can be recovered. Indeed, two of the cases cited to support the conclusion that counsel fees incurred in resisting the effort in this court to reverse the interlocutory decree dissolving the injunction are recoverable pointedly sustain the proposition I contend for, that until a final determination of the cause in which the writ of injunction is sued out, no suit can be maintained upon the bond.

In *Bolling v. Tate,* it is said: "Injunctions restrain action, and the maintenance or breach of the bond depends on the success or failure of the suit or litigation, in aid of which it is obtained. If the injunction is made perpetual, the defendant has sustained no legal damages."

In *Jackson v. Millspaugh,* the point presented to this court for decision was, whether counsel fees incurred by Millspaugh and his associates (the parties enjoined) in resisting a reinstatement of the injunction by the trial court, which had been dissolved upon the denials in their answers, were recoverable damages upon the injunction bond. Speaking to this point for the court, STONE, C. J., said: "The necessity for getting rid of the temporary injunction did not end the trouble. If dissolved on motion, and afterwards reinstated on proof, this would have left Millspaugh and his associates equally without right to recover, to the extent relief should be obtained under the bill. So, the expense the injunction imposed on them was not limited to getting relief from the temporary injunction. It extended farther and embraced all the outlay that would become necessary to prevent a reinstatement of the injunction."

The other case cited of *Cooper v. Hames,* is silent on this point. Thus we see these quotations taken from the cases relied upon as authority for allowing a recovery of counsel fees for services rendered in this court

[Jesse French Piano & Organ Co. v. Porter *et al.*]

in resisting a reinstatement of the injunction, fully and pointedly sustain my contention; that there can be no determinable breach of the condition of the bond until after the final hearing of the cause. And thus it is made to appear that these cases are approved as authority for allowing counsel fees incurred in this court and repudiated as authority upon the point under consideration. And Mr. High seems to have been followed in preference to them, and in preference to the overwhelming weight of authority to the contrary. And to see, that what he says, quoted by Justice Dow-DELL approvingly, is directly in the teeth of nearly every decision of the other courts of this country, we have but to refer to note 4 on page 454 and note 1 on page 455 of the 16 Am. & Eng. Ency. Law (2d ed.), where the cases are collected. I have taken the trouble to examine these cases and they fully sustain the text, which is in this language: "As to the time when the right of action accrues on an injunction bond, the weight of authority is clearly to the effect that no action can be maintained upon a bond as ordinarily conditioned, until there has been a final decree in the suit in which the injunction was obtained and the bond executed; and that such right of action does not accrue immediately upon the dissolution of the injunction, but accrues only after the final determination of the action in which the injunction was obtained."

Mr. Spelling in his work on Extraordinary Relief, pointing out the condition of the bond "to pay defendant all damages he may sustain by the issuing of the injunction," says (§ 957) : "As a general and practically universal rule, an action cannot be maintained on an injunction bond until after the final determination of the suit in which the bond was given." He is fully sustained by numerous decisions which are cited by him in a note. It will be observed that the condition of the bond of which he is speaking is substantially the same as the one here sued on.

The manifest purpose of requiring the bond is to indemnify the person enjoined against loss or damage, by reason of the suing out of the writ of injunction. If it is rightly sued out, that is, if the cause exists which

entitles the complainant to the writ, honesty and justice demand that he should not be made to answer in damages for asserting that right. Whether the cause exists depends upon the proofs, which, of course, cannot be looked into, in most cases, until a final submission of the cause. To permit a complainant who has a just cause, to be mulct in damages, because, forsooth, of the false denials in an answer sworn to by a defendant for the fraudulent purpose of obtaining a dissolution of the injunction, although upon a final hearing, upon pleadings and proof, he has fully established his right to the injunction in the first instance, and demonstrated that the denials in the answer were false, would be, it seems to me, not only to encourage perjury, but to sanction it and place a premium upon it. It would certainly be subversive of justice and destructive of the object sought to be attained by courts. I can see no force in the suggestion that a permanent injunction may be had on final hearing without the requirement of a bond. This is true, but where a preliminary injunction is obtained, no amendment of the bill, upon final hearing is made perpetual, can it be seriously doubted that the permanent injunction, as it is called, is the same injunction that was first sued out? I think not. The difference between the two is only in name. The first is called temporary because the order of the court directing its issuance is subject to revision by the court in which the cause in pending; the second, perpetual or permanent because the decree adjudging the complainant's right to it is final and conclusive between the parties. If the temporary injunction is finally made perpetual or permanent, it is certainly of no consequence whether it had ever been dissolved for a time or whether it had been continued in force throughout the entire stage of the litigation between the parties. The result, in making it perpetual, is the same in each case. And in order to make a temporary injunction perpetual, the court must necessarily determine that the writ was rightfully issued in the first instance; that is, for cause existing at the time of the filing of the bill, or for cause existing at the time of its issuance, if issued, after bill filed, in aid of preserving or maintaining rights pending the litigation.