# Gray, *et al. v.* South & North Ala. R. R. Co , *et al.*

### Suit on Injunction Bond.

(Decided June 30, 1909.    50 South. 352.)

*Injunction; Bonds; Action on; Time.*—An injunction bond conditioned to pay all damages and costs which any person may sustain by the suing out of the injunction, if the same is dissolved is breached on the dissolution of the injunction as to one of the parties en-

joined, and in the absence of a statute to the contrary, an action may be brought upon the bond by such party before the final disposition of the suit.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by the South & North Alabama Railroad Company and others, against Henry B. Gray, and others, upon an injunction bond. Judgment for plaintiff and defendant appeals. Affirmed.

PHARES COLEMAN, S. H. DENT, JR., and ROBERT H. THATCH, for appellant. The allowance of a filing of a plea in abatement after the time for filing such plea is within the sound discretion of the trial court.— *Hawkins v. Armour Packing Co.*, 105 Ala. 545; *Dozier L. Co. v. Smith-Isburg L. Co.*, 145 Ala. 317. The suit was prematurely brought.—16 A. & E. Ency. of Law, 454 and 455, and cases cited in note. The right of action upon an injunction bond does not accrue until there has been a final determination of the cause in which the injunction was issued; and this is true although prior to the final determination there may have been a partial dissolution of the injunction as to some of the defendants.—*Bolling v. Tate*, 65 Ala. 417; *Jackson v. Millstead*, 100 Ala. 285; *May v. Walter*, 85 Ala. 438; *Penny v. Holberg*, 56 Miss. 367; See also in this connection.— 63 Cal. 170; 18 Cal. 625; 22 N. W. 913; 29 Pac. 680; 33 Md. 159; 8 Neb. 263; 14 Ark. 427. Counsel discuss other Alabama cases and insist that the dissenting opinion in *Jesse French P. & O. Co. v. Porter*, 134 Ala., should be declared to be the law in Alabama.

FRED S. BALL, for appellee. The fact that an action was prematurely brought must be set up by plea in abatement, not by plea in bar.—*Herdon v. Garrison*. 5

Ala. 380; *Haley v. The State,* 63 Ala. 89; *McKenzie v. McCall,* 3 Ala. 516; 1 Ency. P. & P. 22. The right to file a plea in abatement is waived by a general appearance, by the filing of a demurrer, or a plea in bar.—*Callison v. Lemons,* 2 Port. 145; *Hart v. Turk,* 15 Ala. 576; *Brown v. Powell,* 45 Ala. 149; *Hawkins v. Armour Packing Co.,* 105 Ala. 545. However, the suit was not prematurely brought. The injunction had been dissolved as to the South & North Alabama Railroad Company, although it was still in force as to the Louisville & Nashville, and the South & North was entitled to sue on the bond.— 2 High on Injunction, 1649; *Smith v. Mutual I. & P. Co.,* 102 Ala. 283; *Jesse French P. & O. Co. v. Porter,* 134 Ala. 302.

DENSON, J.—This is an action on an injunction bond, conditioned, as required by the statute, to pay "all damages and costs which any person may sustain by the suing out of said injunction, if the same is dissolved." The complaint alleges that a bill in equity was filed in the city court of Montgomery by H. B. Gray, one of the defendants, against plaintiffs, seeking, among other things, to restrain and enjoin one of the plaintiffs, the South & North Alabama Railroad Company, from the further prosecution of a suit brought by it against the Louisville & Nashville Railroad Company, another of plaintiffs, in the chancery court of Jefferson county; that upon the making of the bond above referred to the injunction was issued and served upon plaintiffs; that the South & North Alabama Railroad Company employed attorneys to procure the dissolution of the injunction; that motion for its dissolution, on the ground that there was no equity in the bill in so far as it sought to restrain said South & North Alabama Railroad Company from the prosecution of said suit in the

[Gray, et al. v. South & North Ala. R. R. Co., et al.]

chancery court of Jefferson county, made in the city court of Montgomery, being overruled, appeal was taken to the Supreme Court, where the action of the city court was reversed, and a decree was rendered dissolving the injunction; and that application for rehearing in the Supreme Court was denied. This action is in the name of all the defendants named in the bill for injunction, and is brought for the use of the South & North Alabama Railroad Company.

Demurrers were interposed to the complaint, but were withdrawn by leave of the court, against the objections of the plaintiffs, and defendants were allowed to file a plea, which is styled a "plea in abatement," but which, looking to the substance of it, appears to be a plea in bar. This plea, without denying the facts alleged in the complaint, sets out that the writ of injunction described in the complaint enjoined other parties than the South & North Alabama Railroad Company in other matters besides the suit in Jefferson county; that this writ has never been dissolved, except in so far as it restrains the South & North Alabama Company from the prosecution of the suit in the chancery court of Jefferson county; that there has never been a final determination of the suit in which the injunction was issued; and that said suit is still pending in the city court of Montgomery. The assignments of error relate only to the pleadings, and raise only one question, and that is: Is it necessary, before a recovery can be had for the breach of an injunction bond, that the suit in which the injunction issued should be finally disposed of?

There appears to be a conflict of authorities on this question; but our court is committed to the proposition that a final determination of the suit is not necessary, since, under the condition of the bond, the maker becomes liable for damages and costs if the injunction is

dissolved, and there is nothing in the bond nor in the statute which postpones the right of action until a final hearing.—*Jesse French Piano & Organ Co. v. Porter*, 134 Ala. 302, 32 South. 678, 92 Am. St. Rep 31. There are no cases in this jurisdiction which militate against this view. The case of *May v. Walter*, 85 Ala. 438, 6 South. 610, is cited in 16 Am. & Eng. Ency. Law, p. 454, as sustaining the proposition that a final determination of the suit is necessary to a recovery on the bond; but that case was decided on the point, as the opinion shows, that there had been no dissolution, and consequently no breach of the bond. In the case of *Bolling v. Tate*, 65 Ala. 417, 39 Am. Rep. 5, the bond was conditioned to pay damages if the injunction should be dissolved by the chancery court. That court refused to dissolve the injunction, and on appeal it was dissolved by the Supreme Court. It was held that the attorney's fees in procuring the dissolution of the injunction in the Supreme Court were recoverable. The court said in the opinion: "Injunctions restrain action, and the maintenance of breach of the bond depends on the failure or success of the suit or litigation in aid of which it is obtained."

But we apprehend that this is not a universal rule. There may be cases in which a temporary injunction would be rightfully dissolved, and yet relief be given on final hearing to the party obtaining the injunction. In *Jackson v. Millspaugh*, 100 Ala. 285, 14 South. 44, the point presented to this court for decision was not whether counsel fees incurred by the parties enjoined in resisting the reinstatement of an injunction dissolved on the denials in the answer were recoverable in an action on the bond, but whether all the expenses incurred by the parties enjoined in preparing the suit for final hearing were recoverable; and it was held that these

expenses were recoverable, because the injunction in that case was not dissolved until the final hearing on the merits.

There is no error in this record, and the judgment of the city court will therefore be affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.