# Tyson *v.* Norwood, *et al.*

*Suit on Injunction Bond.*

(Decided July 6, 1910. Rehearing denied Jan. 12, 1911.
54 South. 176.)

*Injunction; Liability on Bond; Dissolution.*—Where under section 428, an appeal was taken from an order dissolving an injunction, with supersedeas bond as required by rule 87, and the appellate court reversed the court and made the injunction permanent, there was no such dissolution of injunction as would support an action of damages on a bond executed under section 788.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by Silas Tyson, as trustee, against Joseph Norwood and others, on an injunction bond. From a judgment for defendants, plaintiff appeals. Affirmed

The action was upon an injunction bond made pursuant to an order of the city court of Montgomery in an equity suit wherein Norwood was complainant and Tyson, as trustee, was respondent. The complaint alleges dissolution of the injunction and the failure of the complainant to pay the attorney's fees incurred in defending said injunction suit and procuring a dissolution thereof. Plea 3 avers that the cause was submitted on May 31, 1902, and a decree entered dismissing the bill and dissolving the injunction; that on June 2, 1902, the city court entered an order that if the complainant should desire to appeal from the decree dis-

solving said injunction, and desire to restore said injunction pending such appeal, he might do so on the complainant entering into a bond in the sum of $1,000, payable to Silas Tyson as trustee, conditioned and payable as required by law; and it was further decreed that the decree dissolving said injunction be suspended until and during the day of June 7, 1902, in order to give said Norwood an opportunity to make said bond. It is then averred that an appeal was taken from said decree and the bond executed on June 5, 1902, within the time prescribed by said decree. Then follows the bond, and the fact that it was approved by the register of the city court and filed in said court on June 5, 1902. It is further alleged that, pursuant to said appeal, said cause came on to be heard in the Supreme Court of Alabama, and on the 10th day of July, 1903, said Supreme Court of Alabama rendered its decree, reversing the decree rendered by the city court of Montgomery, and ordering that said injunction be reinstated, and that said decree of reversal reinstating said injunction has remained in full force and effect, and unreversed. Wherefore defendants say that plaintiff cannot have and maintain said action. The fourth plea sets up practically the same facts in shorter form. The demurrers take the point that the matters alleged in said plea do not avoid the liability upon the obligation sued upon, and the fact that the Supreme Court reversed the lower court in the dissolution of the injunction and reinstated the injunction does not relieve the defendant from his liability on said bond.

HILL, HILL & WHITING, and TYSON, WILSON & MARTIN, for appellant. In order to sustain the court's ruling in overruling demurrers to the pleas it is necessary to overrule the cases of *Jesse French P. & O. Co. v. Por-*

*ter*, 134 Ala. 302; *Gray v. S. & N. Ala. R. R. Co.*, 50 South. 352. The bond sued upon is conditioned as prescribed by the statute.—Sec. 4517, Code 1907.

TROY, WATTS & LETCHER, and J. M. CHILTON, for appellee. No action can be maintained on a decree while it is suspended by virtue of a supersedeas duly granted. —2 Black on Judgments, sec. 960; 23 Cyc. 1504. The effect of rule 87 is to reinstate the injunction, and where the injunction has been reinstated under the rule and by a reversal of the order dissolving it there has been no such dissolution as would authorize an action for damages thereon.—*Jones v. Dyer*, 20 Ala.; *Dupuy v. Robuck*, 7 Ala. 484; *Williams v. Simmons*, 22 Ala. 425; 3 Cyc. 460.

ANDERSON, J.—The bond sued on in the case at bar was given under section 788 of the Code of 1896 (section 4517, Code 1907). Said section provides for the payment of such costs or damages as any person may sustain by the suing out of such injunction, if the same is *"dissolved."* So the question here is: Was the injunction dissolved? It is true the judge of the city court dissolved same; but immediately thereafter the defendant in the case at bar, the then complainant, took an appeal, under the authority of section 428 of the Code of 1896, a supersedeas bond was given under rule 87 of the Code of 1896 (rule 86 of the Code of 1907), and the injunction was reinstated. Upon appeal the decree of the lower court dissolving the injunction was reversed, the dissolution was held for naught, and the injunction was made perpetual by this court. The result is there was no forfeiture of the bond, as there was no dissolution of the injunction. To hold that the erroneous action of the judge of the city court in dissolving the injunction, notwithstanding the order was ap-

pealed from and was held for naught by this court, would give section 788 a construction so technical as to defeat the protection intended by section 428 of the Code of 1896 and rule 87. We therefore hold that pleas 3 and 4 set up a good defense to the action, and the demurrers thereto were properly overruled by the city court.

The cases of *Jesse French Co. v. Porter,* 134 Ala. 302, 32 South. 678, 92 Am. St. Rep. 31, and *Gray v. S. & N. R. R. Co.,* 162 Ala. 262, 50 South. 352, are not in conflict with the present holding in the slightest In the *Jesse French Case, supra,* the injunction had not only been dissolved, but an appeal was taken from the order of dissolution, and was affirmed by this court. The right to a temporary injunction—an injunction pendente lite—had been finally adjudicated and determined adversely to the complainant, and this court properly held that the bond had been breached, and it mattered not what might be the result upon the final hearing of the cause; thus, in effect, drawing a very proper distinction between whether or not an injunction pendente lite was properly issued and one that might be finally awarded on a final hearing of the cause. It was finally determined that the former had been improperly issued, whether the defendant would or would not be entitled to an injunction on the final hearing. In the *Gray Case, supra,* the order dissolving the injunction pendente lite had also been appealed from, the order dissolving same had been affirmed, and it had therefore been finally determined that said injunction had been improperly issued and was finally dissolved, and the bond had therefore been breached.

Here we have a very different state of facts. While the injunction pendente lite had been dissolved, the order of dissolution was appealed from, was reversed by

[Tyson v. Norwood, et al.]

this court, and it was held that said injunction was properly issued, and the dissolution thereof was held for naught. The result is that, notwithstanding an injunction pendente lite is dissolved, if the order is appealed from under the statute, and held improper by this court, and the injunction is retained or reinstated, there has been no such a dissolution as gives a right of action on the bond. Whether the failure to supersede and reinstate, under rule 86, would give a right of action upon the bond, notwithstanding an appeal was taken, we need not decide, as there was a supersedeas in this case; but, if a right of action did exist because of a failure to supersede, a subsequent reversal of the order of dissolution would be a defense to the action. On the other hand, should the complainant fail to appeal from an order dissolving his injunction pendente lite, or should he appeal and be cast in same, the bond would be breached, because of a final dissolution of said injunction, and the respondent would have his right of action, regardless of the determination of the cause on the merits or final hearing, and this was the result of the holding in the *Jesse French* and *Gray Cases, supra.*

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN, MAYFIELD, SAYRE, and EVANS, JJ., concur.