**IRWIN et al. v. MORROW et al.**
**(3 Div. 410.)**

(Court of Appeals of Alabama. Oct. 24, 1922. Rehearing Denied Feb. 6, 1923.)

**I. Injunction** ⊙═250—One suing on injunction bond, but not named as obligee therein, must plead facts showing he was damaged.

Where plaintiff was not named as obligee in the injunction bond, it was incumbent on him to aver such state of fact as would show that he was damaged by reason of the issuance of the injunction, and a count not pleading such facts is insufficient.

**2. Pleading** ⊙═204(2)—Demurrer not directed to particular insufficient count, but to whole complaint held properly overruled.

A demurrer to "that part of the complaint claiming damages on the injunction bond," etc., is not directed to a particular count, which failed to show plaintiff was damaged, but to the complaint as a whole, and hence it was properly overruled.

**3. Pleading** ⊙═193(8) — Demurrer held not proper way to expunge from complaint nonrecoverable damages.

A demurrer is not the proper way to expunge from a complaint nonrecoverable damages.

**4. Injunction** ⊙═247—Suit against sureties on injunction bond, while appeal pending from decree dissolving second injunction, held not premature.

An action on an injunction bond is not rendered premature by the fact that an appeal is pending in the Supreme Court from a decree dissolving a later temporary injunction issued on an amended bill, as when the first injunction was dissolved, and the dissolution was affirmed by the Supreme Court, the principal and sureties on the bond to secure that injunction were liable.

**5. Pleading** ⊙═204(6)—Demurrer to replications as a whole properly overruled, where good in part.

If any one of several replications is good, on a demurrer to them as a whole, the ruling of the trial court must be sustained.

**6. Injunction** ⊙═252(8)—Contention that one against whom injunction issued incurred unnecessary expense in procuring its dissolution not sustained in action against sureties.

That one against whom an injunction issued to restrain him from cutting timber had other timber sufficient to keep his mill running and his teams and employees engaged, did not relieve the sureties on the injunction bond from liability for legal expense in procuring a dissolution of the injunction on the theory that it was an unnecessary expense.

**7. Appeal and error** ⊙═1047(1)—Errors not affecting substantial rights not reviewable.

The appellate court will not review technical errors in rulings on evidence, if such rulings did not affect the substantial rights of the parties.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Action on injunction bond by John Morrow and others against Francis I. Irwin and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Certiorari dismissed, in Ex parte Francis Irwin, 209 Ala. 164, 95 South. 498.

Hybart & Hare, of Monroeville, for appellants.

No action can be maintained on an injunction bond until the courts have finally determined whether the injunction was properly issued. 170 Ala. 651, 54 South. 176; 14 Ala. App. 418, 70 South. 197; (Sup.) 170 N. Y. Supp. 527. One not named as an obligee in an injunction bond cannot sue thereon, unless the complaint shows injury to him. 144 Ala. 574, 42 South. 33, 6 Ann. Cas. 902; 2 High on Inj. §§ 1435, 1440; (C. C.) 30 Fed. 685; 24 A. & E. Ency. Law (2d

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ed.) 746; 16 A. & E. Ency. Law (2d. Ed.) 428; 10 Ency. Pl. & Pr. 1127; 18 Tex. 644; 39 N. E. 1044. Demurrer to a part of a complaint will lie where the imperfect part is so material as that, being eliminated, it leaves the count without a valid cause of action. 91 Ala. 112, 8 South. 371, 24 Am. St. Rep. 863; 2 Ala. 425; 19 Ala. 344; 37 Ala. 95; 70 Ala. 308; 83 Ala. 326, 3 South. 755, 3 Am. St. Rep. 746; 89 Ala. 623, 8 South. 7; 57 Ala. 374.

J. S. Stearns and Hamilton & Page, all of Evergreen, for appellees.

Appellant's first proposition is not the law. 134 Ala. 302, 32 South. 678, 92 Am. St. Rep. 31; 162 Ala. 262, 50 South. 352. The facts clearly show that Shoemaker, for whose use the suit was brought, was injured. Code 1907, § 4517; 102 Ala. 282, 14 South. 625; 201 Ala. 62, 77 South. 356; 175 Ala. 80, 56 South. 577.

BRICKEN, P. J. On the 23d day of April, 1919, Francis I. Irwin filed a bill in the circuit court of Conecuh county in equity, against J. M. Shoemaker and seven of his employees, to compel the determination of claims to the land described in the bill and to quiet the title of the complainant thereto, and as incidental relief to restrain the employee respondents from entering upon the land and cutting down and carrying away the timber thereon. Upon the complainant executing the required bond, a temporary injunction was issued against the employee respondents. On the 7th day of May, 1919, the temporary injunction issued against the employee respondents was dissolved. The complainant appealed from the decree dissolving the injunction on June 12, 1919, and on February 16, 1920, the Supreme Court affirmed the decree of the lower court dissolving the aforesaid temporary injunction.

On February 27, 1920, the employee respondents filed this suit, on the law side of the docket, against Francis I. Irwin and the sureties on the injunction bond, to recover damages alleged to have been sustained as a result of the issuance of the temporary injunction. The suit is styled John Morrow et al. (setting out the names of all the parties), suing for their own proper use, and John Morrow et al. (setting out the names of all the parties), suing for the use of J. M. Shoemaker. The parties and the court below seem to have treated the suit as one by Shoemaker against Francis I. Irwin and her bondsmen, and it will be so considered here. There was a verdict for the plaintiff in the court below, and from a judgment entered thereon the defendants appeal.

[1-3] Mr. Shoemaker not being named as an obligee in the injunction bond, it was incumbent on the pleader to aver such state of facts as would show that he was damaged by reason of the issuance of the injunction.

Marengo County et al. v. Matkin et al., 144 Ala. 574, 42 South. 33, 6 Ann. Cas. 902. Under this rule count 1 of the complaint was insufficient in so far as the plaintiff Shoemaker was concerned. There was no demurrer, however, that raised this point. The demurrer by the defendants to "that part of the complaint claiming damages on the injunction bond for the use of J. M. Shoemaker" is not the equivalent of a demurrer to count 1, on the ground that the facts therein set out do not show that Shoemaker was damaged by reason of the issuance of the injunction. Moreover, this demurrer is not directed to count 1, but to the complaint as a whole and for that reason alone was properly overruled. A demurrer is not the proper way to expunge nonrecoverable damages from a complaint. Alabama Power Co. et al. v. Hamilton et al., 201 Ala. 62, 77 South. 356.

[4] The defendants filed a plea in abatement, designated as plea No. 1a, in which they set out the history of the equity suit substantially as stated above, and in addition aver that the Supreme Court allowed the complainant 30 days in which to amend her bill, which was done according to the plea, in which amendment an injunction was prayed for against Shoemaker, his agents and employees. The plea avers that another temporary injunction was issued on this bill as amended, and that it was likewise dissolved and that an appeal was taken from the decree dissolving that injunction, which appeal the plea avers is still pending in the Supreme Court, and the defendants say, that by virtue of these facts, this action was prematurely instituted, and that it should be abated.

The trial court sustained a demurrer to this plea, and in so doing ruled correctly. When the injunction, issued on April 23, 1919, was dissolved, and the decree of dissolution was affirmed by the Supreme Court, the principal and sureties on the bond given to secure that injunction were liable for all damages which any person sustained by reason of the injunction having been issued. Subsequent developments could not alter the fact that the injunction of April 23d was improvidently issued, and if damage resulted from such action, the bondsmen must respond. The suit was not prematurely instituted and the demurrer was properly sustained. Jesse French Co. v. Porter, 134 Ala. 302, 32 South. 678, 92 Am. St. Rep. 31; Gray v. S. & N. R. R. Co., 162 Ala. 262, 50 South. 352.

[5] The fourth assignment of error is in these words:

"The court erred in overruling defendant's demurrer to special replications 1 to 8, inclusive."

Under this assignment of error, if any one of the replications is good, the ruling of the trial court must be sustained. Roach v. Wright, 195 Ala. 333, 70 South. 271; Brown

v. Shorter et al., 71 South. 103.[1] Replications 1 and 2 were not subject to the demurrer interposed, and for that reason we cannot further review the ruling of the court in this regard.

[6] While some of the averments of plea 7 were proven, the averment in said plea "that it was not necessary for him [Shoemaker] to employ attorneys to procure the dissolution of said injunction, and his action in so doing was a voluntary and unnecessary expense on his part" was not proven. The fact that Mr. Shoemaker had other timber sufficient to keep his mill running, and his teams and employees engaged, did not render it unnecessary for him to take the proper steps to have the injunction dissolved. The general charge was therefore properly refused.

Much of the argument of the appellant, with reference to the legal effect of the written instrument executed by the Irwins and Shoemaker has been rejected by the Supreme Court. Irwin v. Shoemaker, 205 Ala. 13, 88 South. 129.

[7] A treatment of the refused charges and objections seriatim would extend this opinion to undue length. It is sufficient to say that, under the construction given the written instrument by the Supreme Court, many of the refused charges are abstract, and all were properly refused. Any technical error in the rulings on the evidence did not affect the substantial rights of the parties, even if it be conceded that there was an error in some of these rulings, which the court is not prepared to affirm. Many of the objections are wholly lacking in merit.

Our conclusion is there is no error in the record, and that the judgment of the circuit court should be affirmed.

Affirmed.

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 195 Ala. 692.

