60 So.2d 353

**MILLER v. WOOD.**

**1 Div. 430.**

Supreme Court of Alabama.

Aug. 27, 1952.

Edw. Powell Turner, Chatom, for appellant.

Grady W. Hurst, Jr., Chatom, for appellee.

LIVINGSTON, Chief Justice.

The appeal is from a decree of the lower court sustaining a demurrer to a cross-bill.

The controversy between the parties to this suit arose over the manner in which respondent was exercising his rights under a timber deed, from complainant's predecessor in title, to cut and remove certain timber from complainant's land.

In substance, the original bill alleged that respondent was cutting small timber to which he had no right or title under the timber deed, and was causing irreparable injury to the land and to the small timber of complainant by his logging methods

and the construction and maintenance of unnecessary roadways over complainant's land. The bill sought an injunction, both temporary and permanent, damages for the injury to complainant's lands and young timber, and general relief.

Upon the filing of the suit the trial court entered a decree ordering the register of the court to issue a temporary injunction upon complainant's entering into bond conditioned as provided by Title 7, section 1043, Code of 1940. Bond was made and the temporary injunction issued.

Respondent answered, admitting the formal allegations of the bill and that complainant held title to the lands involved; but he denied that he was cutting timber that did not belong to him, that he was constructing and maintaining unnecessary roadways over complainant's land, and that he was injuring or destroying complainant's young timber. In his answer respondent incorporated what he termed a cross-bill. In substance, the cross-bill alleges that cross-respondent has interfered with cross-complainant's workmen and laborers, and has harassed ano worried cross-complainant in his timber operations; and that the purpose of this suit and injunction was to cause him to discontinue his logging operations, and that he has lost and is losing $75 per day as a result of this suit and the injunction issued in pursuance thereof.

Cross-complainant prays that upon a final hearing of said cause the temporary injunction will be dissolved and that he be awarded damages occasioned by the interruption of his logging operations. As stated, demurrer was sustained to the cross-bill and hence this appeal.

We think that appellant has misconceived his rights in the premises.

A temporary injunction is granted pending a hearing on the merits, and only upon complainant's entering into bond with surety conditioned and payable as required by law. The statute prescribes the condition, and that condition is to "pay all damages and costs which any person may sustain by the suing out of such injunction, if the same is dissolved." Title 7, § 1043, Code of 1940. The writ is obtained upon an ex parte hearing, and the bond is required as a protection against the abuse of this extraordinary process and to prevent oppression by its use. The bond is the contract of the parties executing it, the statute prescribes its terms and conditions, and the right of action arises immediately upon its breach. If a bond is conditioned to pay such damages as may be sustained if the injunction is dissolved, no right of action accrues until the dissolution of the injunction. Jesse French Piano & Organ Co. v. Porter, 134 Ala. 302, 32 So. 678. See also Tyson v. Norwood, 170 Ala. 651, 54 So. 176.

If the cross-bill was intended to present a demand for wrongful issuance of the injunction, independent of the bond, it must allege malice and want of probable cause, and that the injunction suit has been brought to a conclusion. Tatum v. Morris, 19 Ala. 302; McLaren v. Bradford, 26 Ala. 616.

In any event the cross-bill in the instant case does not contain equity and the demurrer was properly sustained.

Affirmed.

FOSTER, LAWSON, SIMPSON and GOODWYN, JJ., concur.