This is an appeal from the denial of an apparent rule 60 (b)(6) motion filed below. We find no abuse of discretion and affirm the trial court's action.
Although numerous motions and petitions were filed and many proceedings were had in the court below, we do not deem it necessary to detail them here. Suffice it to say that the Circuit Court of Colbert County divorced the parties and awarded custody of their minor child to the husband in February of 1980. In September of 1980, *Page 859 
the court granted the wife's petition to modify the decree; the court awarded custody of the child to the wife and ordered the husband to make certain child support payments.
The husband later filed a motion styled as follows: "MOTION PURSUANT TO RULE 60 (b)(6) OF THE ALABAMA RULES OF CIVIL PROCEDURE: MOTION FOR NEW TRIAL AND MOTION THAT THE JUDGE RECUSE HIMSELF FROM FURTHER PROCEEDINGS IN THIS CASE." That motion alleges certain errors and acts of impropriety on the part of the judges who heard various matters relating to the divorce of the parties.
The husband's motion contains many allegations, including the following: (1) that the trial court erred in making certain changes in the parties' written agreement prior to its incorporation into the divorce decree; (2) that the trial court erroneously reinstated the husband's motion to reconsider the divorce decree, which motion had been withdrawn; (3) that the court held a hearing on the wife's petition to modify the decree on September 5, 1980, in the absence of the husband and his attorney[1]; and (4) that the wife and her attorney participated in certain "side bar conferences" with the trial judge in the absence of the husband and his attorney.
The trial court denied the husband's motion and the husband appealed from the denial of the motion.
In considering the action of a trial court upon an ARCP rule 60 (b) motion, this court looks only to determine if there has been an abuse of discretion. McSween v. McSween, Ala.Civ.App.,366 So.2d 293 (1979). Furthermore, this court must look only to the record for the evidence and cannot consider evidence outside of the record. United States Fidelity Guaranty Co. v.International Brotherhood, 40 Ala. App. 452, 115 So.2d 42
(1959). In other words, errors, if any, committed below must be affirmatively demonstrated by the record before the Court of Civil Appeals. Summerlin v. Bowden, Ala.Civ.App.,353 So.2d 1175 (1978). If the record does not disclose the facts upon which the alleged error is based, such error may not be considered on appeal. Clevenger v. State, Ala.Civ.App.,369 So.2d 563 (1979).
As stated above the husband through able counsel has made many allegations of error and acts of impropriety on the part of the judges below. Clearly, such allegations must be supported by a factual presentation if the husband is to prevail. However, the record before this court reveals that the husband presented no evidence to support his allegations. In fact, no evidentiary hearing was held; no supporting affidavits or depositions were presented and the husband made no oral argument to the trial court. We particularly note that the husband withdrew his request for a hearing and specifically submitted the motion to the trial court for a "ruling." The only portion of the record which purports to disclose any error is the husband's motion itself; but that motion contains no more than unsupported allegations, we find no error by the trial judge in denying the motion.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] We note, however, that the husband's rule 60 (b) motion states that both the husband and his attorney "chose not to appear before the Court" on September 5.